McFarland, J.,
delivered the opinion of the court.
The complainant in this bill alleges that he 6b- *300 tained a judgment before a justice of the peace against the defendant Calvin Browder, had execution levied upon fifty acres of land claimed by Browder, and, after condemnation in the Circuit Court, the same was sold and bid off by Bynum Allen for the use of the complainant, and deed was made to him. No money was paid by Allen, for the reason that he purchased for the complainant. An action of ejectment was brought against Browder upon this title, but failed, owing to the fact that the proof showed that the sheriff failed to give to defendant in possession the notice required by the statute.
The bill further shows, that by a decree of the County Court of McMinn county, in November, 1861, the lands of Edmond Browder, deceased, were sold, and 266 acres purchased by Thos. Grisham. Grisham afterwards sold the fifty acres in question out of the above tract to the defendant Calvin Browder, and had received payment therefor, but that no conveyance had ever been made to said Browder, and he is not informed whether any bond for title was ever given.
The bill further charges, that Grisham had failed to pay the full amount of purchase money due from him for the whole tract, purchased under the decree of the County Court, and for the balance due there w;as a lien on the land; that a bill was filed in the Chancery Court to enforce this lien, and a decree rendered for the balance due from Grisham, for which the land was ordered to be sold; that after his purchase under his execution from the justice of the peace, and while he supposed he, or Allen for him, had title to *301 the fifty acres, he and the other purchasers under Grisham agreed to pay the balance due from Grisham on his purchase pro rata, and thus discharge the lien and save the land. Under this arrangement he paid $80.75, which was agreed between him' and the other purchasers under Grisham to. be his proportion of the balance due.
The bill prays that the satisfaction of his judgment rendered by the justice of the peace be set aside, and the same revived; that the land be sold to satisfy the same,' and also to satisfy the $80.75 paid by him, due from Grisham, and which went to discharge the lien upon the land.
The answer of Browder insists, upon various grounds of defense, but, in substance, admits the rendition of the judgment, the levy and sale, and the failure of the action of ejectment. Admits that Grisham purchased the whole tract under a decree of the County Court, and sold the fifty- acres to Him, but says no deed, bond or other written evidence of the sale was ever executed; that he has not paid the full amount to Grisham. But it is not shown how much he was to pay for the same, how much he has paid, or how much remains unpaid. He further admits the decree in the Chancery Court against Grisham for the unpaid balance due from him, and also that the complainant has paid $80.75 on this decree, but says that he did so officiously, without his (respondent’s) knowledge or consent. The defendant Grisham is stated in the bill to be a non-resident of the State, and judgment pro confesso is entered against him. There *302 are other matters appearing in the pleadings not necessary to notice.
The cause was tried upon bill and answers of Calvin Browder and the administrator of Allen, and judgment pro confesso against Grisham. The Chancellor rendered a decree for complainant, ordered a sale of the land to pay complainant’s judgment, and the $80.75 paid upon his decree as aforesaid, provided this sum did not exceed the balance due from Brow-der to Grisham. An account of the complainant’s judgment is directed, and the sale of the land postponed until the coming in of this report. From this decree Browder appealed.
We are of opinion that the complainant is entitled to have the satisfaction of his judgment before the justice of the peace set aside and the same reinstated. To this relief no sufficient defense is set up in the answer. Grisham being a non-resident, and this not being an attachment bill, the effect of the judgment pro oonfesso against him was simply to put the allegations of the bill in issue as by aú answer not sworn to; Code, 4371-2-3. There being no proof, there is no ground for any decree affecting his rights. He, however, has not appealed from this decree, not having entered his appearance; it is, however, under the provisions of the statute, not final against him as yet: Code, 4379. Are the admissions in the answer of Browder sufficient to authorize a decree against him for the $80.75, and for a sale of the land in question to pay this and the justice’s judgment? This relief is of such a nature, that a decree against Brow- *303 •der upon these grounds cannot well stand, disconnected and independent of a decree against Grisham to the same effect. When there are different defendants, and the decrees rendered against them are separate and independent in their nature, then such decree may remain in force as to one, and be appealed from or vacated as to- the others. But here, the decree as to this |80.75 and the sale of the land ordered, cannot well be operative against one of the defendants without binding the other also, — it being an important feature of chancery proceedings that the rights of the parties, when they are so intimately connected, shall be adjusted and settled in the same decree.
Therefore, upon this appeal, we are to determine the cause as it stood before the Chancellor before any decree was rendered.
As we have said, there is, as against Grisham, no evidence of any balance due from him on his purchase of the land — no evidence of any decree for the same against him; nor is there any evidence that the sum of |80.75 was properly chargeable upon this fifty acres of land. The bill admits that he was the owner at one time of this land, but there is no evidence of a sale, from him to Browder, either verbal or otherwise, or that Browder had paid him anything therefor. Therefore, clearly there can be no decree affecting his rights; and as we can render no decree against him, we can render none as to this $80.75 and the sale of the land, against Browder, — for such relief cannot be granted against Browder without being rendered also against Grisham. It is clear that a *304 bill showing these facts, and praying for this relief, filed against Browder alone, would be bad. The title to the land is considered to be in Grisham, and without a decree against him the purchaser could get ho title. This debt of $80.75, if due from any one, is due from him, and the court could not decree that the defendant Browder should be liable for this sum without at the same time providing that the payment of it by Browder should operate as a satisfaction pro tanto of Browder’s indebtedness to Grisham. To do this, there should be a foundation in the evidence for such a decree against Grisham; and, besides, we do not well see that the complainant was authorized voluntarily to pay Grisham’s debt, although he might purchase and have assigned to him the decree against Grisham.
The decree will be in favor of complainant to the extent of setting aside the satisfaction of his judgment before the justice and reinstating the same, and for the costs of the court below against Browder. The remainder of the decree is reversed, but without prejudice to the complainant’s right to proceed again as to this part of the case. Complainant will pay the costs of this court.