STATE, *ex rel.,* WEAVER *v.* BOLT *et al.*

(*Knoxville.*   September Term, 1914.)

1. APPEAL AND ERROR.   Review.   Questions of fact.

The supreme court is not bound by concurrent finding of the master and the chancellor on questions of fact which should not have been referred to the master. (*Post, pp.* 214-216.)

Cases cited and approved: Cobb v. Jameson, 1 Tenn., 604; Buchanan v. Alwell, 27 Tenn., 517; Patton v. Cone, 69 Tenn., 19; Carey v. Williams, 69 Tenn., 54; Eubank v. Wright, 2 Tenn., 539; Jones v. Douglass, 1 Tenn., 357; Hascall v. Hafford, 107 Tenn., 356; Remine v. Vance, 58 Tenn., 227.

2. APPEAL AND ERROR.   Equity.   Reference to master. Matters proper for reference.   Harmless error.

In a proceeding on motion for a decree against a sheriff and his surety for failure to make proper return on an execution, where the sheriff admitted the failure to make return, but denied receiving the execution, the question whether he made return should not have been referred to the master, but the reference was harmless, except in so far as it involved an increase of costs. (*Post, pp.* 214-216.)

3. EQUITY.   Reference to master.   Matters proper for reference.

In such proceeding, the question whether the sheriff ever received the execution should not have been referred to the master, as it was the vital issue in the case. (*Post, pp.* 214-216.)

4. APPEAL AND ERROR.   Scope of review.   Appeal by only one party.

Under Shannon's Code, sec. 4887, providing that either party, dissatisfied with a judgment or decree of the circuit or chancery court in a matter of equity, may appeal to the supreme court and have a re-examination of the whole matter of law and fact

State ex rel. v. Bolt.

appearing in the record, and section 4891 providing that any of the parties to a judgment or decree may appeal therefrom, the judgment remaining in full force against such of the parties as do not appeal, in a proceeding for a decree against a sheriff and his surety for failure to make return on an execution, the sheriff was properly allowed a broad appeal, so as to bring up the whole decree for review, though the surety did not appeal, as the sheriff was interested no less in the decree against the surety than in the decree against himself; he being liable to reimburse the surety.   (*Post, pp.* 217, 218.)

Code cited and construed:   Secs. 4887, 4891 (S.).

Cases cited and approved:   Wood v. Cooper, 49 Tenn., 454; Grubb v. Browder, 58 Tenn., 302.

Cases cited and distinguished:   Parsons v. Kinzer, 71 Tenn., 352.

## FROM ANDERSON.

Appeal from the Chancery Court of Anderson County.—HUGH G. KYLE, Judge.

LINDSAY, YOUNG & DONALDSON, for appellant.

SAWYER & UNDERWOOD, for appellee.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This was a proceeding by motion in the chancery court of Anderson county.   The plaintiff in the motion was J. C. Weaver, who sought a decree against G. W. Bolt and the American Bonding Company, the surety on the bond of Bolt, as sheriff of Knox county, for the

sum of $1,390.20, upon the predicate that Bolt, as sheriff aforesaid, had received an execution directed to him in a certain cause, and had failed to make due and proper return on such execution. The sheriff, in his answer to the motion, denied that the execution had ever been received by him, but admitted, of course, that he had never made return on such an execution as the motion mentioned, for the manifest reason that it had never come into his hands.

The chancellor, on the day following the entry of the motion, referred the case to the master, and directed him to hear proof and report at the next term of court on two questions of fact, which were in substance: (1) Whether or not the execution had ever been received by the sheriff; and (2) whether or not it had ever been returned by the sheriff as required by law. Proof was taken, and the master made a report which was in substance that the execution had come into the hands of the sheriff, and that he had not returned it as required by law. The sheriff excepted to the report, but the court overruled the exceptions; and thereupon the court rendered a decree against the sheriff and his bondsman for the amount above stated.

The surety company made no defense in the cause, and did not appeal from the final decree, but the sheriff prayed and was granted a broad appeal from the decree, and has prosecuted his appeal to this court, and has here assigned errors.

In the view which we have of the case, it is not necessary to consider all of the questions made. Suffice

it to say that, in response to two of the assignments of error made by the sheriff, the reply is made by counsel adverse to him that this court cannot review the correctness of the concurrent finding of the master and the chancellor upon the two questions of fact that were referred to the master.  This insistence brings into question the action of the chancellor in referring the cause to the master upon these two questions of fact, for, if those questions should not have been referred, the concurrent finding is not binding on us.  We need not consider the action of the court in directing the master to report as to whether the execution was returned into court further than to say that a reference on that point was wholly unnecessary, because the answer of the sheriff admitted that he had not returned the execution into court.  The reference to the master on that point was therefore erroneous, but the error was harmless, except in so far as it involved an increase in the costs of the cause.  But the other question as to whether the sheriff had ever received the execution into his hands was the paramount and vital issue made by the pleadings.  It was the main controversy in the cause, and for this reason, although it was a question of fact, we are constrained to hold that the learned chancellor was in error in referring it to the master.

On this point, Chancellor Gibson, in his excellent work Suits in Chancery, at section 596, says:

"The line of division between matters proper to be referred to the master and matters not proper to be re-

ferred is not well defined; but it may be stated generally that the main issues of a controversy, and the principles on which these issues are to be adjudicated, must be determined by the chancellor, while collateral, subordinate, and incidental issues and the ascertainment of facts ancillary to the determination of the main issues or the execution of the decree may be referred to the master.''

See, also, *Cobb* v. *Jameson,* 1 Tenn. Ch. Rep.,604, and authorities cited in note 1 on page 1168 of Daniell's Chancery Pl. & Pr., vol. 2; *Buchanan* v. *Alwell,* 27 Tenn. (8 Humph.), 517;*Patton* v. *Cone,* 69 Tenn. (1 Lea), 19; *Carey* v. *Williams,* 69 Tenn. (1 Lea), 54; *Eubank* v. *Wright,* 2 Tenn. Ch. Rep., 539; *Jones* v. *Douglass,* 1 Tenn. Ch. Rep., 357; *Hascall* v. *Hafford,* 107 Tenn. (23 Pick.), 356, 65 S. W., 423, 89 Am. St. Rep., 952; *Remine* v. *Vance,* 58 Tenn. (11 Heisk.), 227. A reference improperly ordered, though there follow it a concurrent finding of master and chancellor, will be disregarded here. Such a finding is not binding on this court, does not oust it of jurisdiction, nor relieve it of the duty to pass on the main issue in the cause.

We have examined the evidence in the cause with care, and have reached the conclusion that the plaintiff in the motion has failed to show, by a preponderance thereof, that the execution ever came into the hands of the sheriff or any of his deputies; indeed, we think the evidence greatly preponderates against his insistence.

State ex rel. v. Bolt.

As heretofore stated, the appeal prayed by and granted to the sheriff was broad and from the whole decree. The liability of the surety, American Bonding Company, was entirely dependent upon the liability of its principal, the sheriff. The sheriff was interested no less in the decree against his surety than in the decree against himself, since his surety, if subjected to liability on his account, might call upon him for reimbursement. Therefore it was a proper exercise of an equitable function when he was allowed a broad appeal, so as to bring up the whole decree for review in this court.

In *Wood* v. *Cooper,* 49 Tenn. (2 Heisk.), 454, this court construed section 3155, Code 1858, and section 3159 of that Code, which are, respectively, sections 4887 and 4891 of Shannon's Code, together, and held that under these sections, where the proceedings in the case were in their nature divisible (that is to say, where different objects were contemplated by the suit, and accomplished by the judgment or decree), an appeal or an appeal in the nature of a writ of error might be granted to one party from such portion of the judgment or decree as was unsatisfactory to him; and that in such case only such portion of the decree would be brought up for review. But in that case the gravamen of the bill was held to relate to the single subject of agency, and that no part of the duties or liabilities of the agent could be there brought under review without considering the whole subject, and therefore it was held that the broad appeal there prayed by one party com-

plainant brought up the entire cause. See, also, *Grubb* v. *Browder,* 58 Tenn. (11 Heisk.), 302.

In *Parsons* v. *Kinzer,* 71 Tenn. (3 Lea), 352, it is said:

"If a decree adjudges independent rights, it will remain in force as to those parties who acquiesce therein, and be vacated by the appeal of other parties. And *e converso,* where the proper decree will necessarily affect the parties who have not appealed, this court, although the appeal be taken only by one party, will determine the whole cause as it stood in the court below before any decree was entered"—citing *Grubb* v. *Browder,* supra.

It results, from the foregoing views, that the final decree rendered by the chancellor in this cause will be reversed, and this proceeding dismissed at the cost of the plaintiff in the motion and the sureties on his cost bond.