Laura Mullins *v.* Tennessee Stave & Lumber Company,
*et al.**

(*Nashville.* December Term, 1926.)

Opinion filed, February 26, 1927.

1. WORKMEN'S COMPENSATION ACT. Injury. Willful miscon-
duct.

Where employee at the instance, request, or with the permission of
the foreman, enters with an open lamp, the room of a mine,
thought free from gas, after a lapse of probably sufficient time,
and an explosion occurs causing death of employee, it cannot be
said that the injury was a result of his willful disobedience of in-
structions; there being no evidence that employees at such mine
were required to use gas lamps or that such lamps were furnished
for them. (Post, p. 136.)

Citing: Acts 1919, ch. 123, sec. 10; N. C. & St. L. Ry. v. Wright,'147
Tenn., 619.

2. SAME. Appeal from judgment. Usual procedure proper.

The Workmen's Compensation Act (Act 1919, ch. 123) sec. 32, pro-
viding for an appeal by any party dissatisfied or aggrieved, in
nature of writ of error, to this court does not change the pro-
cedure usual in civil actions in prosecuting such appeal. (Post,
p. 135.)

3. SAME. Same. Motion for new trial.

A motion for a new trial, is a prerequisite to assigning error upon
questions of fact in the supreme court, upon an appeal, as in other

---

*Review of findings of fact by industrial commission, see 28 R. C. L.,
827; 3 R. C. L. Supp., 1600; 4 R. C. L. Supp., 1872; 5 R. C. L. Supp.,
1580.

As to what constitutes "wilful misconduct" within meaning of
Workmen's Compensation Act, see annotation in L. R. A., 1916A, 75,
243, 355; L. R. A., 1917D, 133; 23 A. L. R., 1168; 28 R. C. L., 789;
4 R. C. L. Supp., 1853; 5 R. C. L. Supp., 1565; 6 R. C. L. Supp., 1754.

cases, by a dissatisfied party seeking compensation under the Workmen's Compensation Act. (Post, p. 135.)

4. **SUPREME COURT PRACTICE. Non-jury case. Finding of facts by judge.**

The finding of facts by circuit judge upon conflicting evidence in a non-jury case, have the same force and weight in the appellate court as a verdict of a jury. (Post, p. 135.)

Citing: Vol. 5, page 116, Encyclopedic Digest of Tennessee Reports.

5. **SAME. Absence of motion for new trial.**

In an action at law, brought to this court by an appeal in error, in absence of a motion for a new trial only errors which appear upon the face of the record proper, or the technical record will be considered. (Post, p. 135.)

Citing: History of a Lawsuit, page 335, 5 Digest of Tennessee Reports 90, 91; N. C. & St. L. Ry. Co. v. Smith, 147 Tenn., 456; Board of Equalization v. N. C. & St. L. Ry., 148 Tenn., 676.

---

*Headnotes 1. Appeal and Error, 4 C. J., section 2853; Workmen's Compensation Acts, C. J., section 144; 2. Workmen's Compensation Acts, C. J., section 145; 3. Appeal and Error, 3 C. J., section 850; 4. Appeal and Error, 3 C. J., section 636; 5. Workmen's Compensation Acts, C. J., section 144; 6. Workmen's Compensation Acts, C. J., section 78.

---

### FROM FENTRESS.

---

Appeal from the Circuit Court of Fentress County.—Hon. W. H. BUTTRAM, Judge.

J. T. WHEELER, for Mullins.

WORD & ANDERSON, for Tenn. Stave & Lbr. Co.

H. M. CARR, for Jackson and Laxton.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Mrs. Mullins instituted this suit under the Workmen's Compensation Statute against the Tennessee Stave & Lumber Company, George Jackson and A. Laxton to recover compensation for the death of her husband, George Mullins.

The trial court dismissed the suit as to the Tennessee Stave & Lumber Company, but entered judgment against Jackson and Laxton for $8 per week for four hundred weeks.

Jackson and Laxton have appealed, and Mrs. Mullins has filed the record for writ of error.

Mrs. Mullins assigns two errors. First, that the suit should not have been dismissed as to the Stave & Lumber Company; and, second, that the sum awarded should have been $11.42 per week instead of $8.

The petitioner, Laura Mullins, entered no motion for a new trial, which is prerequisite to assigning errors upon questions of fact in this court.

Section 32 of Chapter 123, Acts of 1919, provides that the case shall be heard by the circuit judge, criminal judge or Chancellor without a jury, as other non-jury civil cases are heard in the circuit court.

It is a familiar rule that the finding of facts by a circuit judge, upon conflicting evidence in a non-jury case, have the same force and weight in the appellate court as a verdict of a jury.

See cases listed on page 116, volume 5 of Encyclopedic Digest of Tennessee Reports.

Section 32 of the Compensation Statute also contains the following provision:

"Any party to the proceedings in the circuit, criminal or Chancery Court may, if dissatisfied or aggrieved by the judgment or decree of that court, pray an appeal in the nature of a writ of error to the supreme court of Tennessee, where the cause shall be heard and determined in accordance with the practice governing other appeals in the nature of a writ of error in civil causes."

It is well settled that where an action at law, in a civil case, is brought to this court by an appeal in the nature of a writ of error only such errors of law as appear on the face of the record will be corrected. If there is no evidence to support the judgment, then a reversal will be ordered for error of law apparent on the face of the record. History of a Lawsuit, p. 335; 5 Digest of Tennessee Reports, pp. 90-91.

In the absence of a motion for a new trial, however, the court will consider only errors which appear upon the face of the record proper, or the technical record. *Nashville, C. & St. L. Ry. Co.* v. *Smith,* 147 Tenn., 456; *Board of Equalization* v. *N. C. & St. L. Ry.,* 148 Tenn., 676.

The trial court will not be put in error for matters not called to his attention, and which he was given no opportunity to correct.

As previously stated, the petitioner filed no motion for a new trial, and the matters now complained about do not appear upon the face of the record proper.

The errors assigned by the petitioner will, therefore, be overruled.

Such a case is not tried *de novo* as in an equity cause.

The defendants assign but one error, and that is that the trial court should have found that the deceased brought about his own injury by going into a room or place in defendants' mine with an open lamp in direct violation of orders issued by his foreman warning the

employees to stay out of said room or place because it contained gas in dangerous quantities, and that said misconduct on the part of deceased was willful within the meaning of section 10 of the Compensation Statute.

Under the facts of this case, while the deceased exercised bad judgment and was likely guilty of negligence, we are unable to say that he was guilty of willful misconduct as that term was defined by this court in *Nashville, C. & St. L. Ry. Co.* v. *Wright,* 147 Tenn., 619.

The evidence shows that this mine was owned by the Tennessee Stave & Lumber Company, but was operated by Jackson and Laxton, under a lease, at the time of the injury. The deceased on the day of the injury, was engaged at the head of the entry in loading slate on cars run on a tramroad. One of the cars got away and left the track, and deceased was directed by his foreman to repair the track. There is evidence that he went into the Ab Smith room to get an axe to use in repairing the track, and that this was done at the instance and direction of the foreman Laxton. Deceased entered said room with a lamp, and there was a gas explosion, resulting in his death. It is true that some three or three and a half hours previous the foreman, deceased and Smith had been into the various rooms for the purpose of making gas tests, and their conclusion was that it would be safe to work in all of the rooms except the Ab Smith room. Ab Smith was advised of this and went home. The foreman testified that the gas might disappear in two hours or it might take the entire day. In any event, if deceased, at the instance, request, or with the permission of the foreman, went into said room for said axe, it cannot be said that the injury was a result of his willful disobedience of instructions.

There is no evidence that the deceased, or other employees, were required to use gas lamps, or that such lamps were furnished them for use in this mine.

Upon the whole, we find no error in the judgment of the trial court and it will be affirmed.