RILEY *et al. v.* SHUMATE, COUNTY JUDGE, *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed October 12, 1940.

J. R. KETRON, of Tazewell, for complainants.

JOHN P. DAVIS and A. G. SHUMATE, both of Tazewell, and DONALDSON, MONTGOMERY & BAUGH, of Knoxville, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The chancellor on June 27, 1939, in the cause of *State of Tennessee ex rel. A. G. Shumate, County Judge of Claiborne County,* v. *G. S. Sharp et al.,* pending in the chancery court at Tazewell, entered a decree against G. S. Sharp, trustee of said county, and the twenty-three sureties on his official bond, for the sum of $27,063, being the amount that said trustee was short in his account. From that decree the trustee prayed and was granted an appeal to the Court of Appeals, which he perfected by subscribing to the oath provided for poor persons. The twenty-three sureties did not appeal. Pending said appeal, the clerk and master issued an execution against the sureties and placed same in the hands of the sheriff. Thereupon the bill herein was filed by said sureties on August 21, 1939, for the purpose of enjoining the sheriff from levying said execution upon the theory that the issuance of the execution was premature since the broad appeal by the trustee brought up the entire cause for a hearing *de novo*. It was alleged in the bill that the relations between the trustee and complainant were not divisible or severable, but that complainants would be liable for such sum as the court found the trustee was in default. A demurrer was filed to the bill, the substance of which was that the bill did not state a cause for relief. In sustaining the demurrer the chancellor said:

"The Court, after due consideration, is of the opinion and so adjudges that this is a suit brought under the statutory jurisdiction of the Chancery Court, and is not a suit under the inherent or purely equitable jurisdiction of the court, and that the appeal by the said G. S. Sharp, Trustee, from the decree rendered against him and per-

sonal sureties on his trustee's bond did not vacate or suspend the decree of this court in said cause as to the personal sureties, who did not appeal therefrom, and the execution sought to be enjoined in this cause was properly issued.''

The involved statutes (Code 1932) are as follows:

9036. ''Either party dissatisfied with the judgment or decree of the circuit or chancery court, in a matter of equity tried according to the forms of the chancery court, may appeal to the supreme or appeals court, and have a reëxamination, in that court, of the whole matter of law and fact appearing in the record.''

9040. ''Any one or more of the parties to a judgment or decree may pray and obtain an appeal therefrom, the judgment remaining in full force against such of the parties as do not appeal.''

It is evident that the attention of the chancellor was not directed to the decision of this court in *Willis & Turner* v. *Moore & Davis*, 151 Tenn., 562, 271 S. W., 736, where, in construing these statutes, the distinction between a legal proceeding and one of an equitable nature was repudiated, the court holding that in both classes of cases tried in the chancery court a broad appeal by either party brought up the entire cause for a hearing *de novo*.

*State ex rel* v. *Bolt,* 130 Tenn., 212, 169 S. W., 761, 762, was a proceeding in the chancery court against a sheriff and his surety for failure of the former to make due and proper return on an execution. A decree was entered against the sheriff and his surety for $1,390.20. The sheriff alone appealed. In holding that the cause was before the court as to the surety, it was said:

''As heretofore stated, the appeal prayed by and granted to the sheriff was broad and from the whole decree. The liability of the surety, American Bonding

Company, was entirely dependent upon the liability of its principal, the sheriff. The sheriff was interested no less in the decree against his surety than in the decree against himself, since his surety, if subjected to liability on his account, might call upon him for reimbursement. Therefore it was a proper exercise of an equitable func-. tion when he was allowed a broad appeal, so as to bring up the whole decree for review in this court.

"In *Wood* v. *Cooper*, 49 Tenn. (2 Heisk.), [441], 454, this court construed section 3155, Code 1858, and section 3159 of that Code, which are, respectively, sections 4887 and 4891 of Shannon's Code [sections 9036 and 9040, Code of 1932], together, and held that under these sections, where the proceedings in the case were in their nature divisible (that is to say, where different objects were contemplated by the suit, and accomplished by the judgment or decree), an appeal or an appeal in the nature of a writ of error might be granted to one party from such portion of the judgment or decree as was unsatisfactory to him, and that in such case only such portion of the decree would be brought up for review. But in that case the gravamen of the bill was held to relate to the single subject of agency, and that no part of the duties or liabilities of the agent could be there brought under review without considering the whole subject, and therefore it was held that the broad appeal there prayed by one party complainant brought up the entire cause. See, also, *Grubb* v. *Browder*, 58 Tenn. (11 Heisk.), [299], 302.

"In *Parsons* v. *Kinzer*, 71 Tenn. (3 Lea), [342], 352, it is said:

" 'If a decree adjudges independent rights, it will remain in force as to those parties who acquiesce therein, and be vacated by the appeal of other parties. And e converso, where the proper decree will necessarily af-

fect the parties who have not appealed, this court, although the appeal be talen only by one party, will determine the whole cause as it stood in the court below before any decree was entered' "—citing *Grubb* v. *Browder, supra.*

A contrary view was announced by this court in the cause of *Bottoms* v. *Maddox*, 3 Shannon's Cases, 260. In that cause a joint decree had been entered against a guardian and his surety, and the guardian alone brought the case to the Supreme Court, subscribing to the oath provided for poor persons. The surety insisted that the court should determine his liability independently of that of the guardian. The court held against this contention upon the ground that the surety had not appealed. It does not appear from the opinion what the defenses of the surety were, whether they were severable or different from those of the guardian. The two controlling statutes, copied herein, were not referred to, the cause of *Wood* v. *Cooper, supra,* decided a year previously, was not mentioned, and no authority was cited in support of the conclusion reached by the court. If the opinion in that cause conflicts with the later decisions of this court, referred to herein, we cannot give it our approval.

In the brief of counsel for complainants the following statement, acquiesced in by counsel for defendants, appears:

"Pending the hearing of this matter before the Chancellor, suit pending in the Court of Appeals was compromised and settled. The question involved in this cause might be considered moot, but for the fact that the officer in whose hands the execution was placed, claims that he is entitled to the commission allowed by statute to officers in whose hands executions are placed. This amounts to some $500 or $600. If the officer is entitled to

this cost it, probably, will have to be paid by the sureties against whom the judgment was rendered.''

For the reasons stated herein the decree of the chancellor is reversed and the defendants are taxed with the costs. It follows that complainants are not liable to the sheriff for the commission on the execution placed in his hands.