BITUMINOUS CASUALTY CORPORATION

*v.*

ELVIS BATTON SMITH.

*(Nashville,* December Term, 1955)

Opinion filed March 9, 1956.

On Petition to Rehear April 5, 1956.

14

CLAUDE CALLICOTT, Nashville, for plaintiff-in-error.

JAMES R. BROWN, Centerville, for defendant-in-error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

By reason of an injury compensable under the Workmen's Compensation Statute, T.C.A. sec. 50-901 et seq., Smith sustained (1) a temporary total disability for 34.67 weeks, and (2) a permanent partial disability of 50% of his body as a whole. His average weekly wage at the time of the injury was $37.50.

The judgment of the trial court was that Mr. Smith is entitled to $22.50 (60% of his average weekly wage) for a period of 34.67 weeks because of temporary total disability, and, in addition, $18.75 per week (50% of his average weekly wage) for 300 weeks.

The employer, Mr. Elkins, did not appeal. His insurer, Bituminous Casualty Corporation, has, and insists that the Trial Court did not apply the formula required by the statute.

All agree that the applicable statute is Section 2(2) of Chapter 111 of the Public Acts of 1953, but disagree as to its construction. This statutory provision is codified at section 50-1007(c), last paragraph, T.C.A. as follows:

"All other cases of permanent partial disability not above enumerated shall be apportioned to the body as a whole, which shall have a value of three hundred (300) weeks, and there shall be paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury. Compensation for such permanent partial disability shall be subject to the same limitations as to maximum and minimum as provided in subsection (a)." Section 50-1007(c), last paragraph, T.C.A.

The limitations in sub-section (a) as to maximum and minimum amounts payable are:—60% of the injured employee's average weekly wage at the time of the injury,

subject to a maximum of $28, and a minimum of $12 per week. Section 50-1007(a), T.C.A.

The very recent case of *Hooper v. Young Sales Corporation*, 199 Tenn. 629, 288 S.W.2d 703, involved the same questions. The fact that the different trial Courts and the different attorneys in that case and in the case at bar disagree in the construction which they, respectively, place upon this code section is justification for the conclusion that there is a reasonable basis for disagreement. Prior to the appeal in the Hooper case, this Court had not been called upon to determine the disagreement.

Code Section 50-1007(a) and (c) provides that the injured employee shall receive "sixty per cent (60%) of the average weekly wages * * * subject to a maximum compensation of twenty-eight dollars ($28.00) per week * * *." After calling attention to that language, this Court, in the Hooper case, concluded that "the natural construction of this language is that the employee is entitled to 60% of his average weekly wage until such 60% thereof reaches the maximum of $28.00 per week" in cases of "permanent partial disability of such body."

Since the average weekly wage of Mr. Smith at the time of his injury was $37.50, it follows that he is entitled to $22.50 (60% of this average weekly wage) for the number of weeks to which he is entitled to compensation for the permanent partial disability of his body.

It is necessary to next determine the number of weeks for which Mr. Smith shall be paid $22.50 each week by reason of the 50% permanent partial disability of his body.

The code section being construed gives the body as a whole a value of 300 weeks as a basis for calculating the

amount of an award for a permanent partial disability to that body. It then provides that for this permanent partial disability the amount per week "shall be apportioned to the body as a whole." As stated in the Hooper case, "if the body as a whole has a value of 300 weeks, then, in calculating the amount payable for a permanent loss of a part of that body, or its use, it would necessarily follow that when the loss is 50% of the body, the loss suffered by the employee, and for which he is entitled to compensation, is 150 weeks."

We conclude, therefore, that the Trial Judge erred in concluding that for Mr. Smith's permanent partial disability of 50% he is entitled to $18.75 per week for 300 weeks. The correct number of weeks is 150. The amount payable each such week is $22.50.

The next question is whether the number of weeks for which Smith received compensation by reason of temporary total disability is to be deducted from this 150 weeks. We concluded to the contrary in the Hooper case, as has the Trial Court in the instant case.

Prior to the enactment of this 1953 statute the code section under consideration fixed a definite value for the whole or partial loss of the various members of the body and provided that this compensation should be "in addition to" the amount to which the employee is entitled for temporary total disability. But it was not until the enactment of this 1953 statute that a definite value was likewise assigned to the body as a whole in determining the amount to which the employee is entitled for a permanent loss of part of that body. See Section 6878(c) of the 1950 Code Supplement and Section 50-1007(c) T.C.A. This amendment, therefore, had the effect of placing permanent partial loss of the use of the body in

the schedule wherein specific amounts are fixed for the whole or partial loss of a given member of the body, or of its use, and without regard to the effect of such loss upon the subsequent earning power of the injured employee.

In the Hooper case, in so determining that point, this Court said:

"Notice has been taken of the fact that the Legislature provided that the value fixed in its schedule for the loss or partial loss of the use of a member of the body, such as the arm or eye, etc., shall be in addition to the compensation received for temporary total disability. The Legislature has now fixed in identically the same terms a value to that body as a whole as the basis for determining the amount of compensation to be received for permanent partial loss of its use.

"It follows logically that the Legislature had the same intention in fixing a value for the partial loss of the use of the body as it had in fixing a value for the partial loss of the use of a member of the body. To otherwise conclude would attribute to the Legislature an inconsistency not revealed by the 1953 amendment, or by the provisions of the Workmen's Compensation Statute wherein is spelled out the formula for determining the amount of compensation in cases of permanent partial loss of the use of a member of the body or partial loss of the use of the body as a whole."

It is true, as noticed in the brief which has been filed in behalf of employee, Smith, that there are certain inequities existing between various provisions of the Workmen's Compensation Act. By way of an extreme illustration, if the permanent partial disability of the body of an employee is 99%, such employee will receive

compensation under the statute for 297 weeks. But if the disability to his body is just one per cent more so as to make it a total permanent disability of the body, he apparently is paid compensation for 400 weeks and, then a number of other weeks, under that provision of the Act with reference to permanent total disability. It is doubtful, however, that any formula equitable as between every injury and disability which an employee receives can ever be discovered. At any rate, such questions are matters which, under our system of government, must be answered by the legislature. The Courts must take the statute as that body has enacted it.

█ Hospital and medical bills in the amount of $1,-514.85 were incurred in behalf of Smith by reason of the injuries which he received. The Court gave Smith a judgment against the defendants for this $1,514.85, notwithstanding the fact that $1,255.50 of it had been paid by his employer, Mr. Elkins. The insistence of the Bituminous Casualty Corporation is that the judgment for medical and hospital expenses should have been only for the difference between the aforesaid amount of the bill and the amount thereof which had been paid by the employer. That difference is $259.35. This insistence is sustained. Under Code Section 50-1004, T.C.A. the employer is liable for these expenses. The employee is not, therefore, entitled to a judgment against the employer or his insurance carrier for the amount of such bills which the employer has already paid. That is a matter between the employer and his insurer.

The judgment of the Trial Court will be modified so as to give judgment in favor of Smith against the Bituminous Casualty Corporation (1) so as to adjudge Smith entitled to a payment by it of $22.50 per week for a pe-

riod of 150 weeks, because of the permanent partial disability of the body; (2) judgment against it for medical expenses limited to the amount of $259.35.

The Court is somewhat concerned as to an adjudication of cost of the appeal. It is a fact that the plaintiff-in-error, Bituminous Casualty Corporation, has been successful, for the most part, on its appeal. Yet, as noted in the course of this opinion, the answer to the basic question as to how the statute involved is to be construed is one about which lawyers and judges may reasonably disagree, as, indeed, they have. In this situation, the Court is of the opinion that the insurer who is substantially interested in the proper construction of this statute, rather than the employee, whose economic condition in the plight of this case is sought to be alleviated by this statute, should pay the costs of this appeal, as a matter of equity, and so as to better accomplish the fundamental purpose of the statute.

The judgment of the Circuit Court, modified as herein directed, will be affirmed and the cause remanded. The costs of the appeal will be adjudged against the Bituminous Casualty Corporation and its surety.

### On Petition To Rehear

Bituminous Casualty Corporation, the insurer, seeks a rehearing in order to procure a modification of the judgment of the Court below as to the employer, Elkins, to the same extent that this Court's opinion modified the judgment as to the insurer, Bituminous Casualty Corporation, notwithstanding the fact that Elkins did not appeal, and is not, therefore, before this Court.

The situation which prompted the insurer to file this petition is that the judgment of the insured employer,

because of failure to appeal, is for a considerably larger amount than is the judgment, as modified by this Court, against his insurer, the petitioner. The thought of the petitioner is that unless it is granted this relief, it will have to pay not only the judgment awarded against it, but, in addition, also have to pay the judgment awarded against the employer by being required to pay the difference between the amount of that judgment and the judgment against it, the insurer.

The theory upon which petitioner bases his prayer that the judgment against the employer be so modified is that where a judgment in a trial court is not severable as between two defendants, a reversal or modification in favor of that defendant who has appealed authorizes the Court to likewise reverse or so modify the judgment of the Court below as to the defendant who has not appealed where such reversal or modification seems necessary or proper to assure the appealing party the rights to which he has been adjudged entitled by the Appellate Court.

The compensation statute contemplates payment to an injured employee or his dependents of only the amount fixed by that statute. In order that such employee or his dependents may be assured the payment of whatever that amount is, the statute requires an employer coming within the statute to procure insurance. The employee may sue the insurer alone, section 50-1209 T.C.A., or jointly with the employer. *Douglas v. Sharp,* 194 Tenn. 11, 17, 249 S.W.2d 999. However, but one recovery is contemplated, that recovery being only the amount to which the employee is entitled by the provisions of the statute. He is not entitled under the statute to a judgment for one amount against the employer, and

for a different amount against the insurer. So it is that the judgment intended by the statute is one which is not severable as between the employer and the insurer.

Such being the situation, if this were a broad appeal from a decree in Chancery, there would be no question, probably, of the authority of this Court to modify the judgment so as to make the award against the employer the same as that which this Court has adjudged should be entered against the insurer, notwithstanding the fact that the employer did not appeal, as evidenced by the cases which petitioner cites. *Grubb v. Browder,* 58 Tenn. 299, 302-303; *Parsons v. Kinzer,* 71 Tenn., 342, 351; *State ex rel. Weaver v. Bolt,* 130 Tenn. 212, 217, 169 S.W. 761; *Riley v. Shumate,* 176 Tenn. 436, 439, 440, 143 S.W.2d 525.

But an appeal from a judgment or decree in proceedings under the Workmen's Compensation Act, T. C. A. sec. 50-901 et seq., must be an appeal in the nature of a writ of error, and determined accordingly. Section 50-1018 T.C.A. The authority of the Appellate Court on an appeal of such nature is ordinarily more limited. *Mullins v. Tennessee Stave & Lumber Co.,* 155 Tenn. 132, 290 S.W. 975.

The compensation statute also provides, however, that it, the statute, "shall be given an equitable construction by the courts to the end that the objects and purposes of this law may be realized and attained." Sec. 50-918 T.C.A. One of the objects of the statute is to fix the amount to which the injured employee is entitled, and to limit the liability of the insurer of the employer to that amount. It would be an inequitable construction of the statute to permit an employer, but not joining the insurer in an appeal from the judgment of the Trial

Court, to thereby increase the liability of the insurer beyond that which the law places upon it.

It is the opinion of this Court, therefore, that it may modify the unappealed from judgment against the employer Elkins to such extent as is necessary to prevent the insurer from paying by reason of said judgment an amount in excess of that to which the insurer is liable under the heretofore announced decision of this Court.

The petition to rehear is accordingly granted to the extent stated. The cause will be remanded and the judgment of the lower Court modified so as to award employee Smith a judgment against the insurer, Bituminous Casualty Corporation, for the amount heretofore determined by this Court, and further modified by providing that its liability, either to Smith, the employee, or to Elkins, the employer, shall be fully satisfied when it, the insurer, has paid the amount for which this Court has adjudged it liable, except that the judgment, as so modified, shall provide that it is without prejudice to such right, if any, that Elkins may have against the insurer, Bituminous Casualty Corporation, by reason of sums paid by Elkins for hospital expenses or doctor bills incurred in the treatment of employee, Smith. The costs will be adjudged as heretofore directed.