UNITED STATES FIDELITY AND GUARANTY COMPANY

*v.*

MRS. JEWELL TOWNSEND.

(*Jackson,* April Term, 1960.)

Opinion filed May 4, 1960.

R. H. SPRAGINS, SPRAGINS, MENZIES & SPRAGINS, Jackson, for plaintiff in error.

MARTIN & MORRISON, Jackson, for defendant in error.

Mʀ. Jᴜsᴛɪcᴇ Tᴏᴍʟɪɴsᴏɴ delivered the opinion of the Court.

United States Fidelity and Guaranty Company, which is the insurance carrier of Mrs. Townsend's employer, Saint Mary's Hospital at Humboldt, appeals from the finding and resulting judgment of the Circuit Judge that Mrs. Townsend is entitled to an award under the Workmen's Compensation Act for a 75% permanent disability to her body as a whole because the injury which she received has incapacitated her permanently "from following her usual vocation as a nurse's aide, or in any other endeavor that requires her to be on her feet for any length of time". She is not trained or equipped for any other kind of employment.

In the performance of her duties as a nurse's aide at Saint Mary's Hospital, Mrs. Townsend received injuries to her right knee which forced her retirement from employment and has resulted in osteoarthritis as to that knee. This leg is constantly much swollen. The pain is such that she is unable to be on her feet more than three hours a day, or more than forty-five minutes

at a time. That pain has aggravated a previously existing condition of high blood pressure, rendered her nervous and subjects her to pain in her back and to dizziness and to headaches. There is proof of a 80% disability of this right leg. But the proof further is that the condition of this leg has rendered her incapable of following any gainful employment which she otherwise has any ability to perform, and that this condition is permanent. That is, the disability of this leg has resulted in a disability of her body as a whole. The Court's finding that this permanent disability to the body as a whole is 75% is supported by material evidence. Other than to aid in housekeeping to a small extent, she does not appear physically able to do anything.

The insistence of plaintiff-in-error is that the Court erred in adjudging that Mrs. Townsend is entitled to compensation "for permanent partial disability to the body as a whole as distinguished from permanent partial disability with respect to the leg as a scheduled member". *McMahan Lumber Company v. Ownby*, 191 Tenn. 143, 232 S.W.2d 12, is relied upon as authority for that insistence.

The *McMahan Lumber Company v. Ownby* was decided in 1950. At that time an injury to the body as a whole was not included in the schedule of specific injuries for which compensation may be awarded. *Hooper v. Young Sales Corporation,* 199 Tenn. 629, 635, 288 S.W.2d 703, 705, calls attention to the fact that Chapter 111 of the Public Acts of 1953 amended this schedule by inserting a provision "whereby the body as a whole is given a specific value in weeks in the same manner that a value in weeks is given in the schedule to the various members

of the body''. That amendment was carried in what is now Section 50-1007(c), last paragraph, T.C.A.

*Bituminous Casualty Corporation v. Smith,* 200 Tenn. 13, 18-19, 288 S.W.2d 913, 915, likewise calls attention to this amendment and its effect in the following language:

"But it was not until the enactment of this 1953 statute that a definite value was likewise assigned to the body as a whole in determining the amount to which the employee is entitled for a permanent loss of part of that body. See Section 6878(c) of the 1950 Code Supplement and Section 50-1007(c), T.C.A. This amendment, therefore, had the effect of placing permanent partial loss of the use of the body in the schedule wherein specific amounts are fixed for the whole or partial loss of a given member of the body * * *.''

In *Fidelity Casualty Company of New York v. Patterson,* 204 Tenn. 673, 325 S.W.2d 258, the employee received an injury to her left leg. The injury brought about a permanent partial disability of 65% to the body as a whole. There again the Court in response to the question which is made in the instant case called attention to the 1953 amendment whereby the body as a whole is given a specific value in the same manner that a value is given in the schedule to the various members of the body. Accordingly, the judgment making an award on the basis of partial permanent disability to the body as a whole, rather than an award based on the injury to the leg alone, was sustained.

Perhaps the latest decision is *Claude Henninger Company v. Bentley,* 205 Tenn. 241, 326 S.W.2d 446, 447, wherein this Court stated:

"The lower court found that his foot causes petitioner pain at all times and that this injury makes him nervous; that his stomach is upset; that he has a coldness and numbness in his left foot and leg; that he is suffering from arthritis and that all of these ailments and nervous conditions in his body did not exist prior to March 18, 1957, when he was injured."

In rejecting the insistence again made that the award should have been based upon the injury to the foot alone, the Court, referring to the decisions hereinbefore mentioned, held this:

"We are, therefore, of the opinion that the petitioner, under the statements made in his bill and the proof in the cause was not confined to the amount fixed by a schedule for the loss of the injury to a member but his compensation is to be figured as an injury to the body as a whole, or an injury to his foot carried over and affecting his body as a whole."

■ Thus it is that the 1953 et seq. amendments (50-1007 (c) last paragraph, T.C.A. 1959 Supplement) rendered inapplicable the 1950 decision in *McMahan Lumber Company v. Ownby,* supra. So, the petitioner was not confined to the amount fixed by the schedule for the loss of a leg in this case, but her compensation was properly calculated on the basis of an injury to the body as a whole.

Judgment affirmed with costs assessed against plaintiff-in-error.