**FILED**

**October 30, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:34 PM**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **Kaled Girgis,** | ) | **Docket No.: 2015-05-0303** |
|       **Employee,** | ) | |
| **v.** | ) | |
| **LaCosta, Inc.,** | ) | **State File No.: 59197-2015** |
| | ) | |
|       **Employer,** | ) | |
| **And** | ) | |
| **Accident Fund,** | ) | **Judge Thomas Wyatt** |
|       **Insurance Carrier.** | ) | |

---

### COMPENSATION HEARING ORDER FOR TEMPORARY DISABILITY, PERMANENT DISABILITY AND MEDICAL BENEFITS—DECISION ON THE RECORD

---

This matter came before the undersigned Workers' Compensation Judge on October 30, 2017, for a Compensation Hearing. The parties stipulated the compensability of the claim, including stipulation of LaCosta, Inc.'s liability for charges that Kaled Girgis incurred personally for treatment of his back injury. The sole issue for the Court's determination is whether LaCosta must pay Mr. Girgis directly for his past, unpaid, medical charges. For the reasons set forth below, the Court holds that the providers who treated Mr. Girgis' back injury must submit their charges to LaCosta or its carrier for payment under the workers' compensation fee schedule.

### History of the Claim

Mr. Girgis injured his back at Bridgestone's Murfreesboro tire plant. He worked there under a contract by which LaCosta provided cleaning services.

LaCosta initially denied that Mr. Girgis' injury arose primarily out of and in the course and scope of employment, thus necessitating that Mr. Girgis seek treatment on his own. Mr. Girgis came under the care of orthopedist Dr. Sanat Dixit, who surgically

1

repaired discs at the L4-5 and L5-S1 spinal levels. Mr. Girgis received bills totaling more than $90,000 for unauthorized treatment of his then-denied, but now-compensable, back injury.

Mr. Girgis filed a Petition for Benefit Determination to challenge LaCosta's denial of his claim. After extensive participation in litigation, LaCosta accepted the compensability of Mr. Girgis' claim. The parties now stipulate that LaCosta shall pay Mr. Girgis $16,348.80 in temporary disability benefits, $12,656.80 in permanent partial disability benefits, and mileage reimbursement for 815 miles at the statutory rate. The parties also agreed that Dr. Dixit will provide ongoing reasonable and necessary medical treatment of Mr. Girgis' compensable injury.

LaCosta also agreed to pay for treatment that Mr. Girgis received during the period of denial. However, Mr. Girgis insists that LaCosta pay the full, billed, charges directly to him so he can pay the treating providers himself. LaCosta asserts that the treating providers must submit their charges for payment under the workers' compensation fee schedule. The parties, thus, submitted the payment issue to the Court for determination on the record without an evidentiary hearing. Upon review, the Court determined that the record contains sufficient evidence to allow the Court to decide the payment issue.[1]

### Findings of Fact and Conclusions of Law

In deciding the disputed issue, the Court seeks guidance, as it must, from the statutes and bureau regulations that govern the payment of medical bills in workers' compensation claims. Tennessee Code Annotated section 50-6-204(a)(1)(A) (2016) requires the employer to "furnish, free of charge to the employee, such medical and surgical treatment, medicine, medical and surgical supplies . . . made reasonably necessary by [a work-related] accident[.]" The law, however, does not require that the employer pay the treating provider's full, billed, charges for compensable medical services and supplies. Section 50-6-204(a)(3)(A)(iii) limits the employer's liability for compensable treatment to "the maximum allowable fees that are established in the applicable medical fee schedule adopted pursuant to this section."

The Bureau's rules address the payment issue more specifically. Tennessee Compilation Rules and Regulations 0800-02-17-.10(1) (March 2014) provides that "[r]eimbursement for all health care services and suppliers shall be the lesser of (a) the provider's usual billed charges, [or] (b) the maximum fee calculated according the these rules[.]" The above rule also mandates that a provider "shall receive no more than the

---

[1] The Court is aware that the parties did not obtain certification of this issue by a mediator following their participation in post-discovery mediation. The Court will permit the parties to submit the payment issue for determination without certification because they negotiated in good faith and were successful in resolving all issues but the payment issue. *See* Tenn. Code Ann. § 50-6-239(b) (2017).

2

maximum allowable payment, in accordance with these Rules, for appropriate health services rendered to a person who is entitled to health care services under the Act." Rule 0800-02-17-.03(42) defines "maximum allowable payment", in part, by stating that, *"[i]n no event shall [a provider's] reimbursement be in excess of the [Bureau's] Medical Fee Schedule."* (Emphasis added.)

The Bureau's rules also govern the methodology by which a provider of compensable treatment shall bill charges for payment under workers' compensation. Rule 0800-02-17-.05(1) provides that, "[s]ervices and medical supplies must be coded with valid procedure and supply codes of the Health Care Financing Administration Common Procedure Coding System[.]" An employer and/or its carrier may return incorrectly-billed charges to the provider and delay payment until the provider resubmits proper billing documentation. *See* Tenn. Compilation R. and Regs. 0800-02-17-.10(17).

Turning now to the positions of the parties, Mr. Girgis contended LaCosta's denial forced him to obtain treatment of his back injury outside the workers' compensation system. He argued that, under these circumstances, the Court should order LaCosta to pay him directly for the charges he incurred for unauthorized treatment.

In support of this position, Mr. Girgis relied on two opinions decided long before the enactment of the 2013 reform act, *N. J. Zinc Co. v. Cole,* 532 S.W.2d 246 (Tenn. 1975), and *Bituminous Casualty Corp. v. Smith,* 200 Tenn. 13, 288 S.W.2d 246 (1956). While both of these opinions required employers to pay unauthorized medical charges in claims the employers initially denied, neither stands for the proposition that an employer must, or even should, pay unpaid charges directly to the employee, instead of to the uncompensated provider.

Mr. Girgis also cited *GAF Building Materials v. George,* 47 S.W.3d 430 (Tenn. 2001), in support of his position. However, this opinion involved an employee's exemption from the physician-selection statute in a claim initially denied by an employer. Nothing in the *GAF* opinion indicated that the Supreme Court intended to expand its ruling there past the specific facts before the court, and the Court will not so expand the ruling here.[2]

LaCosta urged the Court to resolve the payment issue consistently with the Supreme Court's opinion in *Staggs v. Nat'l Health Corp.,* 924 S.W.2d 79 (Tenn. 1996). In *Staggs*, the court held that "an employee is not entitled to personally receive payment for medical expenses unless he or she personally paid the medical expenses and is due

---

[2] Mr. Girgis also asked for direct payment because LaCosta was guilty of "unclean hands" in denying his claim. LaCosta argued it validly denied the claim based on the information it had at the time of the denial. Mr. Girgis came forward with no evidence on the issue of why LaCosta denied Mr. Girgis' claim, thus the Court has no basis upon which to apply the "unclean hands" doctrine.

reimbursement. Instead, employers must pay the providers of medical care directly for incurred medical expense."[3] *Id.* at 81.

The Court holds the ruling in *Staggs* provides the clearest precedential authority applicable to the issue raised here. The ruling is consistent with Tennessee Compilation Rules and Regulations 0800-02-17-.11, which provides that: "[i]f an employee has personally paid for a health care service and at a later date a carrier is determined to be responsible for the payment, then the employee shall be fully reimbursed by the carrier."

Thus, the Court holds that Mr. Girgis can only compel direct payment of a medical charge he incurred for treatment of his compensable injury if he shows he paid for the charge out-of-pocket. If he did not pay for the charge out-of-pocket, the Court holds that the provider of the subject charge must submit the charge to LaCosta or its carrier for payment under the applicable fee schedule. The Court will, however, require that LaCosta and/or its carrier immediately contact the providers who treated Mr. Girgis' spinal injury with instructions on how to submit their charges for payment.

**It is, therefore, ORDERED:**

1. That LaCosta and/or its carrier shall pay Mr. Girgis directly for any out-of-pocket payments he made toward the charges incurred for past reasonable and necessary treatment of his compensable injury; otherwise, LaCosta shall pay the charges incurred for past reasonable and necessary treatment of Mr. Girgis' injury after the providers of that treatment have presented their charges to LaCosta and/or its carrier upon appropriate billing forms;

2. That LaCosta and/or its carrier shall immediately contact the providers of the past reasonable and necessary treatment of Mr. Girgis' injury with instructions on how to most expeditiously file for payment of their charges;

3. That Dr. Dixit is the authorized treating physician for ongoing reasonable, necessary, and related medical treatment;

4. That the parties shall schedule a telephonic hearing with the Court's Legal Assistant (Jodi.downs@tn.gov) within twenty days from the date of the entry of this order so that the Court can approve the terms to which the parties agreed in this claim. The parties shall utilize the standard settlement templates in presenting the agreed terms to the Court for approval;

---

[3] Both parties cited appellate opinions involving non-workers' compensation claims in support of their positions. Because workers' compensation is governed by statutory enactment, the Court holds those opinions are inapplicable here.

4

5. That LaCosta and/or its carrier shall pay taxed court costs of $150.00 pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 (2016);

6. That counsel for LaCosta shall prepare and submit a Statistical Data Form for this matter within ten calendar days of the date of this judgment; and

7. That counsel for Mr. Girgis shall file a petition for approval of his attorney's fees and expenses.

**ENTERED this the 30th day of October, 2017.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical record: The Court considered the following documents filed with the Clerk of the Court or Workers' Compensation Claims in making its decision in this claim:

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Initial Hearing Order;
5. Transfer Order;
6. Order of Continuance;
7. Order;
8. Request for Admissions with attached billing records;
9. Order Setting Forth Procedure on Compensation Hearing Decision on the Record;
10. Agreed Order of Stipulation;
11. Employer's Brief; and
12. Employer's Response Brief.

Exhibits: The parties submitted all evidence as attachments to the documents listed in the Technical Record.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 30th day of October, 2017.

| Name | Certified Mail | Via Email | Service sent to: |
|------|------|------|------|
| Thomas A. Travaglini, Employee Attorney | | X | Kaklegal13@aol.com |
| Gordon Aulgar, Employer Attorney | | X | Gordon.aulgar@accidentfund.com |

w/permission

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**