J. M. GALLAGHER CO., INC., *et al. v.* LANE.

*(Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

HUME, HOWARD, DAVIS & BOULT, of Nashville, for plaintiff in error.

CLAUDE CALLICOTT, of Nashville, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

This is an appeal by the employer and the insurance carrier, from the Circuit Court of Davidson County, from an award under the Workmen's Compensation Act, Williams' Code, Section 6851 et seq., for total permanent disability. Lane, the employee, while working for Gallagher as a welder and steamfitter, fell from a ladder and shattered the bones of his leg. He has never recovered the use of his leg, and is so disabled from working as a welder or steamfitter or doing any other manual labor. On account of the limits of his education and training, he is so incapacitated by his injury from pursuing any gainful occupation.

The plaintiffs in error admit that the Trial Judge, in making the award for permanent total disability, rather than for the scheduled loss of a leg, followed our opinions in *Russell* v. *Virginia Bridge & Iron Co.*, 172 Tenn. 268, 111 S. W. (2d) 1027; *Plumlee* v. *Maryland Casualty Co.*, 184 Tenn. 497, 201 S. W. (2d) 664; *Hix* v. *Cassetty et al.*, 186 Tenn. 343, 210 S. W. (2d) 481; *Johnson* v. *Anderson*, 188 Tenn. p. 194 217 S. W. (2d) 939; but plaintiffs in error insist that our decisions in those cases were erroneous.

In the Johnson Case, decided March 11, 1949, which is not considered by the plaintiffs in error, we reviewed an identical contention, and affirmed the construction of the Act as it was made in the Russell, Plumlee, and Hix cases, supra.

■■ In the present case, there is ample evidence to support the finding of the Trial Judge, that as a direct and proximate result of his injuries, the petitioner is totally and permanently incapacitated from working at an occupation which brings him an income, and that, therefore, under a proper construction of Code, Section 6878 (e), Lane was entitled to an award for permanent total disability.

The judgment is, therefore, affirmed at the cost of the plaintiffs in error.

All concur.