684

TIBBALS FLOORING CO. *v.* BREWSTER.

*(Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

HOWARD H. BAKER, JR., and BAKER & BAKER, both of Huntsville, for plaintiff in error.

WILLIAM P. O'NEIL, of Knoxville, MAXWELL SEXTON, of Oneida, and JENNINGS, O'NEIL & JARVIS, of Knoxville, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal in a Workmen's Compensation case from a judgment of the Circuit Court in which the award was for total and permanent disability.

The employee, James Brewster, was employed as a laborer by the appellant, operating a power saw which cut out defects from certain grades of lumber, and while thus employed his arm came in contact with the power saw which resulted in severing the radius (bone in the upper arm), also severing certain nerves in the arm. The trial judge found that the accident "about entirely severed the arm". There can be no doubt but that it was a very serious injury. He was taken at once to Thompson Clinic at Oneida, Tennessee, for emergency treatment and later was sent to Knoxville for further treatment. Capable physicians and surgeons performed operations upon the arm for the purpose of connecting certain severed nerves and tendons, which were not entirely successful. The employee weighed about 130 pounds when injured and was in good health. At the

time of the trial he weighed 106 pounds. He is not qualified for any work other than manual labor. Dr. Bourkard testified that petitioner was definitely disabled from heavy work and should be trained for light work and recommended Vocational Rehabilitation. His disability is permanent. The doctors disagree as to the percentage of disability. Some place it at 50% and another at 75%.

Dr. Cooper, the petitioner's doctor, testified as to the petitioner's injuries. The substance of his testimony is that as a result of the complete severance of the radius and radial nerve, *the muscles in the shoulder were wasted and atrophied,* due to lack of nerve supply. He testified: "The more he uses it the more trouble he will have. Trying to work accentuates the pain. He says that when he tries to use it it swells and a knot comes on his shoulder." (Tr. p. 13). The entire testimony of Dr. Cooper, coupled with certain lay testimony, convinced the trial judge that the petitioner was totally and permanently injured, and he awarded compensation accordingly.

There is testimony by capable doctors, offered by the defendant that the injury is only to a specific member, to wit, the arm. The trial judge, Special Judge H. B. Brown, interrogated Dr. Cooper as follows:

"Court: His disability for the performance of manual labor is 100 per cent, to the best of your knowledge, on account of his injury to his arm? A. Yes."

Following his release from the hospital he returned to work he formerly did, but after several weeks he gave it up. His testimony was that his arm pained him so much; that it swelled from the wrist up, causing a knot in the shoulder, and he was forced to quit work. In this he is corroborated by his wife and other lay witnesses.

The sole question at issue on this appeal is whether or not the petitioner is entitled to compensation based upon injury to a specific member, or for total and permanent disability.

■ It cannot be doubted but that where there is an injury to a specific member there can be no award for total and permanent disability unless the injury affects the body to such an extent that he is not able to earn a living.

There is evidence by defendant's doctors that he is not a one armed man and that the injured arm is better than if he had no arm at all.

■■ We think the issue is one of fact and that there is material evidence to support the finding of the trial judge. We have considered a number of cases similar to the one now before us. In *Russell* v. *Virginia Bridge & Iron Co.,* 172 Tenn. 268, 111 S. W. (2d) 1027, it is held:

"Where workman is disabled by injury to a specific member, to extent that he cannot work at a gainful occupation, he is entitled to statutory compensation for total disability irrespective of amount authorized by statute for complete loss of specific member." 172 Tenn. at page 269, 111 S. W. (2d) at page 1027.

" 'While the appellee has not lost his entire hand or arm, it has been so injured as to totally incapacitate him from work, such as he was doing or could only do. He has a condition of permanent disability, rendering him incapable of making a living. This is what the insurance was for, and therefore appellant is bound to respond for the full amount allowed by the statute.' " 172 Tenn. at page 278, 111 S. W. (2d) at page 1031.

In *Gallagher Co.* v. *Lane,* 190 Tenn. 301, 229 S. W. (2d) 347, the Court, speaking through the late Mr. Justice Gailor, held:

"Where workman lost use of his leg and was totally and permanently incapacitated from working at an occupation which would bring him an income, workman was entitled to award of workmen's compensation for permanent total disability, and was not limited to compensation provided for loss of use of leg. Williams' Code, § 6878(e)."

We think the foregoing decisions control the case at bar. Able counsel for the defendant quotes at length the testimony of the doctors as supporting his theory that there is at most only a loss of a particular member, or a percentage of loss to such member. But this issue is settled by the finding of the trial judge, which is supported by material evidence.

The counsel cites on his brief the cases of *Phillips* v. *Diamond Coal Mining Co.,* 175 Tenn. 191, 133 S. W. (2d) 476; and *Catlett* v. *Chattanooga Handle Co.,* 165 Tenn. 343, 55 S. W. (2d) 257. The evidence in these cases doubtless sustains the Court's decision, but they differ factually from *Gallagher Co.* v. *Lane,* supra, and *Russell* v. *Virginia Bridge & Iron Co.,* supra.

Contention is made that the defendant should be allowed credit for excess cost of medical services, to the extent of $800, as provided by Code Section 6875 on the ground that the employee elected to take the more expensive treatment.

The facts are in dispute as to whether the hospitalization and treatment were at the instance of the employee or his employer. In considering this issue of fact the trial judge found as follows: "The court is of the opinion

that the defendant contracted for the payment of these extra medical bills in order to lessen its responsibilities and should pay for the same.''

The petitioner testified as follows:

"Q. Who selected the doctor over there? You or the Company? A. Well, I remember Dr. Thompson is the one called and selected Bagwell-Brashear Clinic.''

One of the operations required about two hours. Testifying as to this operation the petitioner was asked:

"Q. Did you ever agree to pay for the operation or for the hospital bills? A. No.

"Q. Did you ever hear of that until this answer was filed? A. No sir.''

He further testified that at one time, Mr. Tibbals, the company officer, ''told me once that he would pay it and then another time he told me he wouldn't.''

In *Ezzell* v. *Tipton,* 150 Tenn. 300, 264 S. W. 355, it is held:

"An employer incurring voluntarily and for humane reasons an expense of over $100, required by Workmen's Compensation Act, in giving surgical and medical attention to his injured employé *held* not entitled to credit for amount in excess of $100.''

Upon full consideration of all the evidence, and applicable rules of law, we must affirm the judgment of the trial court. The case will be remanded to the Circuit Court of Scott County for the enforcement of the judgment.