CLAUDE HENNINGER COMPANY

*v.*

CURTIS BENTLEY.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

Curtin, Haynes & Winston, Bristol, for appellant.

Dugger & Dugger, Elizabethton, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a Workmen's Compensation case and the Chancellor held that the petitioner, Curtis Bentley, has a permanent partial disability of 75% to the body as a whole, and that he have and recover of the Claude Henninger Company, Workmen's Compensation at the rate of $30 per week for a period of 300 weeks as provided by statute.

The proof shows that complainant was injured as a result of a plank slipping from a scaffold and throwing the petitioner onto a concrete floor and in so doing his

left foot and heel were broken and mangled, and that it was necessary for the petitioner to receive medical care and attention. He was off from his work for a number of days.

There is no question but that the injury arose out of and in the course of the employment of the laborer, and the proof shows that petitioner was only suited for common laborer and was a laborer on a farm before his injury.

He testified and the lower court found that a cast was put on his left foot and ankle and was kept there for about six weeks. Later he was operated on and remained in the hospital for eight days. His testimony is that he has to wear a brace on his foot when he walks on rough ground and that he can only walk without the use of this brace where the ground is smooth.

The lower court found that his foot causes petitioner pain at all times and that this injury makes him nervous; that his stomach is upset; that he has a coldness and numbness in his left foot and leg; that he is suffering from arthritis and that all of these ailments and nervous conditions in his body did not exist prior to March 18, 1957, when he was injured.

The lower court also found from the proof that he is an uneducated man and that he has no special skill or trade other than that of a manual laborer and that he must work as a laborer if he works at any trade since that is all that he knows.

The proof shows that he was able to do very light jobs on a small farm; that before his injury he was a healthy man and a good worker.

■ The proof shows that petitioner is not a fit person to go upon the open competitive labor market and compete for jobs as a manual laborer on construction jobs, and we find material evidence to sustain the finding by the trial judge of a 75% partial and permanent disability to the body as a whole.

The defendant, Henninger Company, insists that he is only entitled to the compensation provided for the injured member.

In the case of *Russell v. Virginia Bridge & Iron Co.,* 172 Tenn. 268, 111 S.W.2d 1027, 1031, this Court quoted the following from the opinion in the case of *Standard Accident Insurance Co. v. Williams,* Tex.Com. App., 14 S.W.2d 1015, 1016:

" 'If the injury does not extend beyond the member, the loss is definitely and arbitrarily fixed so as not to exceed the complete loss of that member under the statutory scheme of compensation. But we take the rule to be, if an injury to a specific member does not stop with the injury to or loss of that member, but for any reason continues as an injury affecting the body to such extent as to result in permanent or *partial total disability,* a recovery may be had therefor, even exceeding the statutory compensation for the complete loss of that member. In such a case, the injury is general and not confined to the specific member.' "

■ If an employee receives an injury that is enumerated in the statute and this injury affects his body as a whole, a recovery may be had for either total permanent disability or permanent partial disability. For later cases see *McMahan Lumber Co. v. Ownby,* 191 Tenn. 143,

232 S.W.2d 12; *Tibbals Flooring Co. v. Brewster,* 196 Tenn. 684, 270 S.W.2d 323; *Fidelity & Casualty Co. of New York v. Patterson,* 204 Tenn. 673, 325 S.W.2d 258, Swepston, Justice.

We are, therefore, of the opinion that the petitioner, under the statements made in his bill and the proof in the cause was not confined to the amount fixed by a schedule for the loss of the injury to a member but his compensation is to be figured as an injury to the body as a whole, or an injury to his foot carried over and affecting his body as a whole.

We find no error in the decree of the Chancellor and it is affirmed.