**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Harry BRINKLEY, Appellee.**

**No. 16226.**

Court of Civil Appeals of Texas.

Fort Worth.

July 7, 1961.

Rehearing Denied Sept. 22, 1961.

Burford, Ryburn & Ford, Logan Ford, Clarence A. Guittard, and Spencer C. Relyea III, Dallas, for appellant.

Peery & Wilson, and Kearby Peery, Wichita Falls, for appellee.

BOYD, Justice.

This is an appeal by Texas Employers' Insurance Association from a judgment in a workmen's compensation case awarding Harry Brinkley compensation for total and permanent disability. Brinkley sustained injuries when his right hand and forearm were caught in the mechanism of a rock crusher. The jury found that Brinkley's injuries extended to and affected other parts of his body, rendering him totally and permanently disabled.

Appellant's first point for reversal is that the court erred in giving the

following instruction to the jury: "You are instructed that neither total disability nor partial disability, as such terms are used herein, can exist where an injury and its effect are confined solely to a hand or arm or where such injury produced only the loss of use of the hand or arm," the contention being that the instruction precluded a finding that appellee's injury was not confined to a specific member.

Texas Employers Ins. Ass'n v. Goines, Tex.Civ.App., 202 S.W.2d 487, 491, error refused, n. r. e., was a case similar to this one. There the identical instruction challenged here was given. In affirming a judgment for total and permanent disability the court said: "No authority is advanced by it (appellant) which convinces us that the inclusion of the above instruction in his charge by the trial court requires a reversal of the judgment. In the case of Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463, it is pointed out that where an injury and its effects are confined to a specific member of the plaintiff's body and such injury actually produces total or partial incapacity, nevertheless neither total nor partial incapacity, as defined by the Act, exists. When jurors are called upon to answer the intricate set of questions which are required to be submitted to them in workmen's compensation cases, very frequently they become confused and make confused and conflicting answers unless the trial court by its charge clarified the wording of some of the issues by appropriate instructions. It is believed that the instruction complained of was a proper one and not subject to the criticism trained upon it by the appellant. See Rule 277, Texas Rules of Civil Procedure." See, also, General Accident Fire & Life Assur. Corp. v. Murphy, Tex.Civ.App., 339 S.W.2d 392; Superior Ins. Co. v. Owens, Tex.Civ.App., 218 S.W.2d 517; Liberty Mut. Ins. Co. v. Taylor, Tex.Civ.App., 244 S.W.2d 350. Appellant's first point is overruled.

By other points of error appellant challenges the jury findings that appellee's injuries extended to and affected his right shoulder; that his injuries affected appellee's general health; and that appellee's disability is not solely the result of the loss of use of his right hand and arm below the elbow. The contention is that there is no evidence to support such findings, and that the findings are so against the great weight and preponderance of the evidence as to be clearly wrong.

Appellee was injured when his right hand and arm were caught between the conveyor belt and a roller of a rock crusher. The jury found that: the injury extended to and affected appellee's right shoulder, causing disability to the shoulder; the injury affected his general health other than the hand and arm, thereby causing disability to the body generally; the injury to the right shoulder, the effects of the injury on his general health, and the injury to the arm below the elbow were all producing causes of appellee's total and permanent disability; his disability is not solely the result of the disability, impairment, and loss of use of the hand and arm below the elbow; and the disability was not and will not be partial.

Appellee testified that he was injured while greasing the rock crusher. He attempted to grease a roller while standing on a rock; some grease fell from the top and hit his goggles; as he reached "around there" his foot slipped and he fell off the rock; his right arm was caught between the conveyor, which conveyed rock from the bottom to the top belt, and the roller which pulled the conveyor; he "was hanging with one arm in that"; no part of his arm above the elbow was caught in the machinery; a bone came out of the flesh and was broken and splintered.

Appellee was taken to a hospital in Bowie, where Dr. Crumpler examined him, gave him a hypodermic, and x-rayed his right wrist, forearm, elbow, and shoulder; later, he x-rayed the cervical spine and the lumbar spine. Appellee was removed to a hospital in Wichita Falls, where he came under the care of Dr. Maxfield; he underwent surgery; pins were put in his arm,

and, subsequently, bone was taken from his hip and put in his arm; he wore a cast for about seven months; and at the time of the trial, more than a year after the accident, he was still under the care of Dr. Maxfield.

According to appellee's testimony, he has restricted motion in his arm; movement causes pain; his right shoulder is stiff and pains him, and gives him about as much pain, on movement, as it ever did; his left hip, where bone was removed, is often painful; his neck is stiff; "And my neck gets where I can't hardly move it sometimes, and when I do, it hurts right in here;" his right shoulder has a severe burning sensation whether he is moving his arm or not; he has pain between his shoulders and in the middle of his back, and had never had such pains before the injury; to a "certain extent" his arm has improved, but the pains in his shoulder and back are about the same; for many years he has had a speech impediment; his stuttering has increased since the accident; prior to that time he was not nervous, and just stuttered "every once in a while;" now, when he gets "just a little bit excited" he just "can't tell them one thing;" he would not be able to use a pick and shovel; he could not do manual labor " * * * because I couldn't make a guy a hand. I couldn't work for him * * 30 minutes before I would have to quit."

Dr. Harsha, who examined appellee for the purpose of testifying, said that appellee's right shoulder was limited in ability; there was a wasting of the muscles about the top and the back of the shoulder; the muscle was tight and had deep tenderness to pressure; it is very common for an injury to the hand or forearm to involve the shoulder and neck, "the muscles and structure of the neck;" x-ray films showed abnormalities in the area of the collarbone and shoulder girdle; there is disability of a permanent nature in appellee's right shoulder girdle; appellee could not do ordinary manual labor at this time; he is totally disabled from picking, lifting, grasping, and that sort of thing.

Dr. Crumpler testified that in his opinion appellee's disability is mainly in the arm below the shoulder, and that any injury to the shoulder is minimal. He said that appellee was cooperative and showed no indication of malingering. Dr. Maxfield said that he was of the opinion that appellee sustained no injury other than to the right hand and arm below the elbow.

■ The evidence might have supported findings favorable to appellant. But it was the function of the jurors to determine the facts. We think their findings were based on substantial evidence, and were not so against its great weight and preponderance as to be clearly wrong. 41B Tex.Jur., p. 199, sec. 171; Meyer v. Great American Indemnity Company, 154 Tex. 408, 279 S.W.2d 575; Denbow v. Standard Acc. Ins. Co., 143 Tex. 455, 186 S.W.2d 236; Lumbermen's Mut. Casualty Co. v. Zinn, Tex.Civ.App., 220 S.W.2d 906, error refused.

The judgment is affirmed.