AETNA CASUALTY AND SURETY COMPANY, Appellant,

v.

Raymond MOORE, Appellee.

No. 7312.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 17, 1961.

Rehearing Denied Nov. 14, 1961.

James A. Williams, Bailey & Williams, Dallas, for appellant.

H. J. Yarborough, Yarborough, Yarborough & Johnson, Dallas, for appellee.

FANNING, Justice.

Appellant insurance company has appealed from a lump sum total permanent disability judgment rendered against it (less credit given for compensation paid) in favor of Raymond Moore in a workmen's compensation insurance case tried before a jury.

Appellant presents two points on appeal. By its first point it contends to the effect that the trial court erred in refusing its special requested issue No. 2, reading as follows: "Do you find from a preponderance of the evidence that such disability, if any you have found in answer to the preceding Special Issue, was limited to the right arm?" By its second point it complains of the refusal of the trial court to submit appellant's special requested issues 1 to 9, incl., which inquired into whether the plaintiff's disability was limited to the use of the right arm and if so, in what degree and for what period of time, contending that these issues were proper defensive issues raised by the pleading and the evidence.

Plaintiff pleaded general injuries, principally to the right shoulder and to the back as well as other general injuries.

By trial amendment defendant pleaded in part as follows:

"1.

"The defendant says that any disability or incapacity to the plaintiff resulting from the accidental injury in question was limited to the right arm and therefore was a specific injury to the right arm under the Workmen's Compensation Act.

"2.

"In the alternative, this defendant says that for a short period of time immediately following the alleged injury on or about March 23, 1959, the disability or incapacity experienced by the plaintiff, Raymond Moore, was of a general nature as that term is understood in light of the Workmen's Compensation Act. This defendant says, however, that any disability or incapacity which may have existed following that short period of general disability was specific and was limited to the use of the right arm."

Plaintiff testified that he fell from a ladder striking on his right shoulder and back. He testified in detail as to general injuries to his right shoulder, back and other general injuries, as well as to his disabilities and pains. Three lay witnesses testified in his behalf. A doctor testified in behalf of plaintiff detailing general injuries to his right shoulder, back and other portions of his body and gave his professional opinion that plaintiff Moore was totally and permanently disabled.

Defendant produced only one witness, Dr. Herrick. Dr. Herrick's testimony disputed the back injury feature of the case and he was of the opinion that Moore did not receive any back injuries.

However, the record conclusively shows that Dr. Herrick did not dispute the right shoulder injury but fully corroborated the fact that Moore had received an injury to his right shoulder. Dr. Herrick, among other things, testified that x-rays showed that Moore had an evulsion or chip fracture on the interior surface of the glenoid socket of the right shoulder. He also testified as to visible outward physical manifestations of Moore's shoulder injury, stating in part as follows:

"A. I examined the shoulder once more and this time there was—this is

a day or two afterwards, and by this time *there was marked swelling of the entire shoulder and discoloration of the skin over an area three inches in length and one inch in width. The patient could not and would not move his shoulder in any direction."* (Emphasis added.)

After fully and repeatedly testifying to an unquestioned right shoulder injury, on examination by appellant's counsel he, among other testimony, gave the following additional testimony:

"Q. About how much disability did you consider him to have in February of 1960 *with respect to his shoulder?*

"A. Well, because he had some limitation of motion of his arm, I thought that he probably would have fifteen per cent permanent partial disability of his arm." (Emphasis added.)

None of appellant's specially requested issues 1 to 9, incl., made any inquiry whatever as to whether the accidental *injury* sustained by Moore, if any, was to his arm or to any other specific member of his body. Appellant also did not request any issue as to whether plaintiff's *injury*, if any, was confined to his right arm alone.

 Art. 8306, Sec. 12, Vernon's Ann. Civ.St., sets out in detail the injuries that are classified as specific and there is no reference therein to a shoulder injury. For an injury to be specific it must be one enumerated by the statute. In order for compensation to be confined to a specific member enumerated in the statute the injury must be confined to the specific member alone and the incapacity must relate alone to the loss of the use of the specific injured member.

We hold that a shoulder injury is a general injury and not a specific injury since it is not enumerated in Article 8306, Sec. 12, V.A.C.S. In this connection see Art. 8306, Sec. 12, V.A.C.S., and National Mut. Casualty Company v Lowery, 136 Tex. 188, 148 S.W.2d 1089.

Since it was undisputed that plaintiff Moore at least received a shoulder injury, which is a general injury, the trial court correctly submitted the case as one of general injury and properly refused to submit defendant's special requested issues Nos. 1 to 9, incl.

The judgment of the trial court is affirmed.