**TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

Genovevo **GONZALEZ,** Appellee.

No. 3905.

Court of Civil Appeals of Texas.

Waco.

Nov. 2, 1961.

Rehearing Denied Nov. 22, 1961.

Strong, Pipkin, Strong & Nelson, Dale Condron, Beaumont, for appellant.

Joe H. Tonahill, Jasper, for appellee.

WILSON, Justice.

Appeal from a workmen's compensation judgment on a jury verdict.

Appellant complains of submission of Special Issue No. 1 which inquired whether claimant sustained total incapacity as a natural result of the accidental injury sustained by him in the course of his employment on the date alleged. The complaint is that (a) the court failed to submit an inquiry as to whether claimant sustained a general injury causing incapacity, exclusive of a specific injury to his leg, he having alleged both general and specific injuries; and (b) that the issue assumes a general injury and that he sustained injuries and incapacity other than to his leg.

Claimant alleged he fell 24 feet from a scaffold, breaking his hip and his leg above the knee; that he suffered, among other specified injuries, aggravation of a pre-existing spinal condition, fractures of the femur, demineralization of bones in the region of the right knee, and a back injury. The carrier pleaded his disability was limited to loss of use of the leg. Appellant relies on Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651, and Texas Employers Ins. Ass'n v. Hinkle, Tex. Civ.App., 308 S.W.2d 543, writ ref. n. r. e. Neither decision is applicable. The court here instructed the jury that "total incapacity" did not include any incapacity caused solely by loss of use of the leg. In both

cited cases the trial court refused to submit any requested defensive issue as to whether claimant's incapacity was caused solely by incapacity to the member, although issues were submitted as to limitation of disability to the member. Here the court submitted issues as to (1) whether any total incapacity was solely caused by incapacity to the leg, (2) whether any partial incapacity was caused solely by incapacity to the leg, (3) whether the injury alleged affected parts of the body other than the leg, (4) whether the injuries to the leg extended to and affected other parts of the body, thereby resulting in additional disability, (5) whether any incapacity was limited to the leg, (6) whether any incapacity after a fixed date was solely caused by incapacity to the leg. These separate inquiries were in addition to the total incapacity instruction excluding incapacity caused solely by loss of use of the leg. These points reflect no error. Appellant's points that there is insufficient evidence, or none, to support the affirmative answer to the first issue are overruled.

■ It is asserted that issue No. 8 inquiring whether claimant's injury "affected parts of his body other than the right leg, thereby causing incapacity", is duplicitous. The contention is overruled. Meyer v. Great American Indemnity Co., 154 Tex. 408, 279 S.W.2d 575, 579; Denbow v. Standard Acc. Ins. Co., 143 Tex. 455, 186 S.W.2d 236, 239.

■ It is said there is no pleading to support submission of a series of issues concerning whether the injury to plaintiff's leg extended to and affected other parts of his body. Appellant objected to other issues submitted on the ground they did not confine the jury to findings that the injury to the leg extended to and affected other portions of the body, and because such other issues assumed this fact. It then objected in eight separate paragraphs "to omission of any issue as to whether the injury to plaintiff's leg extended to and af-

fected other parts of the body" and produced any incapacity; and to failure to submit these issues. It will not now be heard to say the court erred in doing what it insistently and repeatedly urged. Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487, 488; Mattiza v. Lachs, Tex.Civ.App., 204 S.W.2d 848; 4 Tex.Jur.2d Sec. 770, p. 281. Points as to evidence to support answers to these issues are overruled.

■ Finally it is insisted the court erred in overruling appellant's plea to the jurisdiction to the effect that the claim was within the provisions of the Longshoremen's and Harbor Workers' Compensation Act, Tit. 33 U.S.C.A. § 903, and exclusive jurisdiction was otherwise vested thereby. The injury was sustained while claimant was employed as a painter and sandblaster on a new and incompleted drilling barge under construction at the employer's dock in the Sabine River, a navigable stream. There is no other evidence from which it can be said claimant was engaged in maritime service or employment. There is nothing to indicate the nature of the contract under which the work on the barge was being done. Appellant had paid claimant $2,485 as compensation for 71 weeks under the Texas Workmen's Compensation Act previous to the filing of this suit. We are unable to say the court erred in overruling the plea. Emmons v. Pacific Indem. Co., 146 Tex. 496, 208 S.W.2d 884, 888; Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008; Davis v. Department of Labor, etc., 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246; United States Cas. Co. v. Taylor, 4 Cir., 64 F.2d 521, cert. den. 290 U.S. 639, 54 S.Ct. 56, 78 L.Ed. 555; Indemnity Ins. Co. of North America v. Marshall, Tex.Civ.App., 308 S.W.2d 174, 179, writ ref. n. r. e.

We have carefully considered each of appellant's points and they are overruled.

Affirmed.