SEBRING, Judge (Ret.).
This is a certiorari proceeding wherein the claimant in a workman’s compensation case is seeking the quashal of an order of the Florida Industrial Commission reversing an order of its deputy commissioner finding in favor of the claimant. The essential facts of the case are not in dispute.
In 1942 the claimant was involved in an accident resulting in the loss of the thumb of his right hand. Subsequently, while employed by Okeelanta Sugar Refinery, Inc., as a cane derrick operator he was injured in the course of his employment while attempting to lubricate the gears on the cane derrick he was operating. As the result of the injury, claimant suffered the loss of the index, middle and ring fingers of the left hand through the proximal phalanx of said fingers approximately one-fourth of an inch below the first joints. He also suffered injury to the small finger of the left hand due to weakness and limitation of motion to the extent of 25 per cent, caused from a fracture of the same. The combined injuries to the left hand resulted in a permanent partial disability of the left hand of 80 per cent thereof.
It was the contention of the claimant before the deputy commissioner that the 80 per cent disability to the left hand merging with the prior complete avulsion of the thumb on the right hand resulted in a greater permanent disability than would have otherwise resulted. On the facts presented at the hearing, the deputy commissioner agreed with the contention and made an award to the claimant based upon a permanent partial disability to the body as a whole. On review the Full Commission reversed the award of the Deputy Commissioner because it was of opinion that the deputy commissioner had misconstrued the applicable provisions of the Florida Statutes in awarding the claimant compensation *514 based upon injuries to the body as a whole rather than confining claimant’s benefits for permanent partial disability to the scheduled injury section of the Florida Statutes.
With respect to the decision of the Full Commission, it is our view that the holding in the recent case of Sharer v. Hotel Corporation of America, Fla., 144 So.2d 813, controls the issue. There, it is held:
“ * * * that under the facts of this case the Deputy Commissioner did not err in determining, under Section 440.-15(5) (d) (2), Florida Statutes 1959, F.S.A., that the petitioner who had lost his left hand prior to the second accident subsequently incurred a permanent disability from injury arising out of and in the course of his employment which merged with the pre-existing physical impairment to cause a permanent disability that is materially and substantially greater than that which resulted from the subsequent injury alone.”
The opinion in the Sharer case clearly sets forth the statutory problem involved, notes an irreconcilable conflict between the provision in 440.15(5) (d) (5) that “this paragraph * * * shall not be construed to create or provide any benefits * * and the preceding portions of Sec. 440.15(5) (d) and (c). The Court found that under the statute as a whole it must:
“* * * look to Section 440.15(5) (d) (2) to determine the benefits due the petitioner herein because, although in point of time or order of arrangement said section is prior to the section which creates the conflict heretofore found to exist, a thorough study and comprehensive analysis of Section 440.-15 convinces us that Section 440.15(5) (d) (2), when considered in connection with the exception contained in Section 440.15(5) (c), conforms to the legislature’s obvious policy and intent and that Section 440.15(5) (d) (5) does not so conform but indeed is antithetical thereto.”
We conclude that in this case as in Sharer the deputy was correct in awarding the claimant permanent partial disability based on a rating of the body as a whole established from competent and substantial evidence. The order of the Commission should therefore be quashed and the cause remanded for disposition in accordance herewith.
It is so ordered.
TERRELL, A. C. J., and THOMAS, DREW and HOBSON (Ret.), JJ., concur.