397 P.2d 237

**Gary Lee HIX, Employee, Claimant-Appellant,**

v.

**POTLATCH FORESTS, INC., Employer, and Workmen's Compensation Exchange, Surety, Defendants-Respondents.**

No. 9463.

Supreme Court of Idaho.

Dec. 4, 1964.

156

Paul C. Keeton, Lewiston, for appellant.

Blake, Givens & Feeney, Lewiston, for respondents.

SMITH, Justice.

Appellant is herein referred to as the claimant, and the Industrial Accident Board as the Board.

This appeal presents the question whether the Board's determination of the degree of claimant's partial permanent disability (residual of a personal injury caused by a compensation-covered accident) of 76.5% of "the whole man", and its evaluation thereof in a like percentage of 400 weeks'

compensation, is incorrect as a matter of law.

The issue has to do with the applicability of one or the other of two sections of the workmen's compensation law. The first, I.C. § 72–310(a), providing for total disability compensation (in amounts as of the time claimant sustained injury), in part reads:

"Total disability compensation.— Where the injury causes total disability for work, the employer during such disability shall pay the injured employee weekly compensation in accordance with the following schedule, subject to deductions, if any, on account of waiting period, partial disability, and limited wages, as set forth in sections 72–310(b), 72–310(c) and 72–310(d):

"(1) Workmen without Dependents. —To an injured employee without dependents, weekly compensation equal to 55% of his average weekly wages, but not more than $28.00 nor less than $12.00 per week for a period not exceeding 400 weeks, and thereafter a weekly compensation of $12.00 per week.

" * * *."

The second, I.C. § 72–313, providing for specific indemnity for certain permanent injuries, in part reads:

"Specific indemnities for certain injuries.—(a) Specific Indemnity for Permanent Injury. An employee, who suffers a permanent injury less than total, shall, in addition to compensation, if any, for temporary total and temporary partial disability, be entitled to specific indemnity for such permanent injury equal to 60% of his average weekly wages, but not more than $30 nor less than $15 per week for the periods of time stated against the following scheduled injuries respectively:

"Specific Indemnity Schedule [Then follows the schedule of bodily members and evaluation of each in weeks of compensation to be paid for loss of each member.]

"(b) Computation of Specific Indemnity for Non-scheduled Injuries. In all other cases of permanent injury, less than total, not included in the above schedule, the compensation shall bear such relation to the periods stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule. * * *"

The Board based its finding, as regards the extent of claimant's partial permanent disability, upon the opinions of three physicians, i. e., Dr. R. C. Colburn, 60% of a whole man; Dr. Richard B. Gardner, 65% to 70% of a whole man, and Dr. Jerome K. Burton, 90% of a whole man. The Board selected 76.5% of "the whole man" as the fair average of those ratings, and evaluated

it on the basis of 76.5% of 400 weeks, or 306 weeks, compensation at $30 a week.

The Board in its findings also mentioned the rating by Dr. R. C. Colburn of claimant's residual partial permanent disability in terms of loss and comparative loss of bodily members, i. e., 10% loss of the left foot at the ankle; 15% loss of the right foot at the ankle, and partial paraplegia comparable to 100% loss of an arm at the shoulder, I.C. § 72–313.

Claimant being dissatisfied with the award, particularly with the Board's evaluation of its rating, perfected this appeal.

Claimant by his specifications of error raises the issue whether the Board can adopt "an arbitrary plan or basis for the computation of benefits provided for injured workmen"; and urges that the Board should have awarded him "a percentage of total permanent disability," citing I.C. § 72–310, based upon his life expectancy; and that the Board's award "is not based upon the mandates of the law."

Initially, at the time of the hearing, claimant conceded that the extent of his partial permanent disability was the main issue for determination by the Board.

Claimant now contends that the Board erred in failing to evaluate its rating of 76.5% of "the whole man" into a like percentage rating of total permanent disability based upon I.C. § 72–310(a). Claimant asserts that if he had suffered total permanent disability for work, considering his life expectancy of approximately 43 years, he would have become entitled to compensation at $28 a week for the initial 400 week period, and at $12 a week during the remaining period of 1836 weeks as the balance of the period of his life expectancy, and thus he asserts his entitlement to 76.5% thereof, i. e., $25,422.48 payable during the period of his life expectancy.

Claimant does not specifically assert that the Board erred in failing to rate his permanent partial disability in terms of the specific indemnity schedule and in relation to periods stated in the schedule, I.C. § 72–313; rather, he asserts that the Board erred in failing to evaluate its determination of the rated partial permanent disability of 76.5% of "the whole man" in terms of a like percentage of total disability, I.C. § 72–310(a), on a permanent basis, I.C. § 72–311.

Failure of this Court to consider the question whether the Board erred in its rating of partial permanent disability compared to loss of "the whole man" would result, first, in lending approval to a rating of partial permanent disability not authorized by the workmen's compensation law, nor particularly by I.C. § 72–313, although non-scheduled partial permanent injuries are required to be rated under the comparative injury clause thereof, and its mandate requires ratings thereunder of all non-

scheduled partial permanent injuries; and second, in this Court assuming that the Board's rating of partial permanent disability is correct, but that since the Board's evaluation thereof is incorrect, the evaluation should be corrected consonant with claimant's theory.

■ An award of specific indemnity, however, is grounded upon (1) a rating of partial permanent disability, and (2) the monetary value of the rating. Both stem from the covered injury and can not be separated. If one aspect falls by reason of being incorrect, then the other must fall.

What claimant asserts is, that the Board's rating of 76.5% loss of "the whole man" is correct; but that its evaluation of that rating, in terms of a specific indemnity of 76.5% of 400 weeks—"the whole man"—is objectionable. He objects to any evaluation of specific indemnity under I.C. § 72–313, based upon any determination of loss or comparative loss of bodily members. He desires the total disability statute, I.C. § 72–310, to be applied on a permanent basis, with a percentage thereof to be taken, based upon claimant's life expectancy. Thus claimant is attacking the Board's evaluation of specific indemnity, asserting that it should be based upon a percentage of total permanent disability. Claimant's specifications of error and the issues which he thus brings before this Court require a review of

the Board's award as to its correctness, both as to the rating of partial permanent disability, and the evaluation of the rating.

The evidence in the present cause is undisputed. Dispute arises as to application of the law to the undisputed facts.

■ "On appeal from an order of the industrial accident board the court shall be limited to a review of questions of law." Idaho Const., Art. 5, § 9, 1935 amendment. The application of the law to the undisputed facts in a workman's compensation proceeding raises a question of law. Johnston v. A. C. White Lumber Co., 37 Idaho 617, 217 P. 979 (1923); Ybaibarriaga v. Farmer, 39 Idaho 361, 228 P. 227 (1924). "In a compensation case, the evidence, if undisputed may be reviewed as a matter of law to determine its sufficiency to sustain the findings of the Industrial Accident Board. If the Board's findings are clearly unsupported as a matter of law, it is within the province of this Court to set them aside and the decision based thereon." Laird v. State Highway Department, 80 Idaho 12, 323 P. 2d 1079 (1958).

The right of an injured employee to receive compensation benefits is statutory, governed entirely by legislative enactment, i. e., the workmen's compensation law. I.C. § 72–102; Arnold v. Claude Lacey & Son, 73 Idaho 1, 245 P.2d 398 (1952); McCall v. Potlatch Forests, 69 Idaho 410, 208 P.2d

799 (1949); Close v. General Construction Co., 61 Idaho 689, 106 P.2d 1007 (1940).

This Court has considered the meaning and application of I.C. § 72–313, which evaluates the various bodily members where actual loss is occasioned, such as an arm, leg, eye, etc. In other cases of permanent injury not included in the schedule compensation shall bear such relation to the amount stated in the schedule as the disabilities bear to those produced by the injuries stated in the schedule. This latter provision of I.C. § 72–313, requiring non-scheduled permanent injuries to be evaluated by comparison to the listed permanent injuries, was effected in 1937 by an amendment, Idaho Sess.Laws 1937, ch. 241. Prior to that amendment, non-scheduled permanent injuries, unless they could be included in the listed classes of permanent injuries, could not be evaluated in terms of comparative loss of bodily members, and no compensation could be allowed therefor. See Barry v. Peterson Motor Co., 55 Idaho 702, 46 P.2d 77 (1935),—again indicative that recovery under the workmen's compensation law must be by virtue of legislative fiat, and not otherwise.

In determining specific indemnities payable for permanent injuries listed and referred to in I.C. § 72–313, disability for work, loss of earning power, or capacity to work are not factors to be considered. See

Kelley v. Prouty, 54 Idaho 225, 245, 30 P. 2d 769, 777 (1934), wherein it is stated:
" * * * The Compensation Law also provides for specific indemnities for certain injuries, as set forth in section 43–1113 [now I.C. § 72–313], when disability for work by reason of the loss of the various members of the body, enumerated is not to be taken in consideration. [Citation.] But the general theory and spirit of the act, except for the specific indemnities set forth in section 43–1113, is to the effect that compensation is provided to make good the loss of the earning power or capacity to work on account of the injury. * * * in determining those specific indemnities, the loss of earning power or capacity to work is not to be considered. * * *."

This Court in Kelley v. Prouty then pointed out that Kelley, the claimant, was entitled to specific indemnity for his permanent injury as provided by I.C.A. § 43–1113 [now I.C. § 72–313], in addition to compensation for his total disability and partial disability for work. See also McCall v. Potlatch Forests, 69 Idaho 410, 208 P.2d 799 (1949).

In the case at bar claimant suffered total temporary disability for work and received necessary medical and kindred benefits from the time he sustained the injury May 11, 1962, until December 13, 1962. On the latter date his attending physician, Dr. Col-

burn, pronounced him surgically healed and able to return to light work, and the Board so found. Dr. Colburn rated claimant's disability, attributable to his residual permanent injury, in terms of the specific indemnity schedule, I.C. § 72–313. Three medical reports, which included that of Dr. Colburn, were also submitted to the Board, relating to claimant's permanent injury, based upon percentages of comparable loss of "the whole man", a fair average of which the Board evaluated, using 400 weeks as the base compensation period.

The only rating in the workmen's compensation law, akin to a rating for the entire loss of "the whole man", is that provided by I.C. § 72–310(a), for total disability, which could extend for the lifetime of the injured workman, payable during the initial 400 weeks at the maximum rate, and thereafter at the minimum rate.

I.C. § 72–311 provides that certain injuries are deemed total and permanent in the absence of conclusive proof to the contrary, i. e., the loss of both eyes, both feet, both hands, one hand and one foot, spinal injury resulting in permanent and complete paralysis of both legs or arms or of one leg and one arm, or injury to the skull resulting in incurable imbecility or insanity,—such enumeration not to be taken as exclusive,— in which event the workman so injured is entitled to total disability compensation as provided by I.C. § 72–310(a) during the

initial 400 weeks at the maximum rate, and thereafter at the minimum rate. Neither of those two sections of the statute contain any provision for payment of compensation based upon a proportion or percentage of permanent total or temporary total disability for work, nor upon any basis except for total disability for work.

The workmen's compensation law provides, however, in case disability is suffered attributable to a permanent injury, the residual effects of which do not render the workman totally disabled for work, his entitlement to compensation must be evaluated in terms of specific loss or comparative loss of bodily members, in addition to all other compensation which he has received and not otherwise. I.C. § 72–313.

The medical evidence in support of the findings of the Board show that claimant was surgically healed on December 13, 1962, and able to return to light work, although suffering a partial permanent disability, residual of his covered injury. In the light thereof, the contested issue in this cause, i. e., the degree of claimant's partial permanent disability, residual of his permanent injury, must be evaluated in terms of specific indemnity payable as for loss or comparative loss of bodily members. I. C. § 72–313.

Appellant's assertion that · the courts "have approved going beyond schedules of specific indemnity in granting awards for

injured workmen with multiple and devastating injuries which caused the disability out and beyond that provided for in the respective schedules", is supported only by specific provisions of the various workmen's compensation laws. We shall analyze appellant's citations of authority in the premises, particularly in the light of the applicable statutory provisions.

In Sharer v. Hotel Corporation of America (Fla.), 144 So.2d 813 (1962), an award of "permanent partial disability of 59 per cent. of the body as a whole", was reinstated. The 1959 Florida Statutes sec. 440.15, F.S.A., contained a schedule of partial permanent disability benefits payable for specific loss of various bodily members; and additionally provided that in all other cases in this class of disability, that the compensation should be for "such number of weeks as the injured employee's percentage of disability is of three hundred fifty weeks." Under the same statute and for the same reason an award of permanent partial disability "based on a rating of the body as a whole" was upheld in Davis v. Okeelanta Sugar Refinery Company (Fla.), 147 So.2d 513 (1962).

In Mosier v. Jones (Okl.), 351 P.2d 997 (1960), an award of 59% of "percentage disability to the body as a whole", rather than on the basis of disability

to the right eye, was affirmed in view of a provision in the schedule of partial permanent disabilities for loss or loss of use of bodily members, Okl. Stat. (1951) Tit. 85, § 22, subd. 3, and which additionally provided that in case of other classes of non-scheduled disability with resultant partial permanent loss of use of a portion of the body, compensation should be based upon a percentage of the compensation payable for total permanent disability not to exceed 500 weeks, Okl. Stat. Tit. 85, § 22, subd. 1 (1951). In Corbus Spring Service v. Cresswell (Okl.), 359 P.2d 219 (1961), to the same effect, the court held that the Oklahoma statute provided for payment of compensation for a partial permanent disability not classified in terms of loss or loss of use of specific members of the body, in the proportion that the partial diability bears to permanent disability not to exceed 500 weeks.

In Claude Henninger Company v. Bentley, 205 Tenn. 241, 326 S.W.2d 446 (1959), the court affirmed an award of "permanent partial disability of 75% of the body as a whole * * * at the rate of $30 per week for a period of 300 weeks as provided by statute." While the Tennessee statute is not mentioned in the decision, the statute,

in effect when the cause arose in 1957, provided evaluation of partial permanent disabilities suffered by reason of actual loss of bodily members; and in case of non-scheduled partial permanent disabilities, the evaluations should be on the basis of apportionment to the body as a whole, evaluated on a base period of 300 weeks' compensation. Tenn. Code Ann. (1959) sec. 50–1007.

Chatfield v. Industrial Accident Board, 140 Mont. 516, 374 P.2d 226 (1962), affirmed an award of total permanent disability, because the workman had sustained multiple injuries, instead of an injury which had resulted in the loss or loss of use of a bodily member. The case disclosed that the Montana statute, Revised Code of Montana, 1947, Vol. 6, part 2, sec. 92–709, provided for specific indemnity compensation on the basis of a percentage of total permanent disability, in no event to exceed 500 weeks.

The cases of McBride v. Wetmore & Parman, Incorporated, 241 Miss. 743, 133 So.2d 261 (1961); National Surety Corp. v. Martin, 86 Ga.App. 77, 71 S.E.2d 666 (1952); Haler v. Gering Bean Company, 163 Neb. 748, 81 N.W. 2d 152 (1957); Barton v. Nevada Poultry Co., 253 Ia. 285, 110 N.W.2d 660 (1961), involved awards for total permanent disability for work and not awards for partial permanent disabilities.

In Lentz v. Mumy Well Service, 340 Mich. 1, 64 N.W.2d 673 (1964), an award for the loss of use of a hand, rather than for the loss of four fingers, was upheld inasmuch as the evidence showed that the primary function of the hand had been completely lost.

The Texas cases cited, i. e., Texas Employers' Insurance Association v. Polk (Tex.Civ.App.), 269 S.W.2d 582 (1954); Travelers Ins. Company v. Gonzalez (Tex.Civ.App.), 351 S.W.2d 374 (1961); General Accident Fire & Life Assur. Corp. v. Murphy (Tex.Civ. App.), 339 S.W.2d 392 (1960) and Texas Employers' Insurance Association v. Brinkley (Tex.Civ.App.), 349 S.W.2d 321 (1961), involved awards for total permanent disability for work. Aetna Casualty & Surety Company v. Moore (Tex.Civ.App.), 350 S.W.2d 898 (1961), however, disclosed the existence of a Texas statute, Vernon's Texas Statute (1948), Art. 8306, § 12, under which injuries of general nature and not specific may be rated on the basis of a percentage of incapacity, not exceeding 300 weeks' compensation.

Larson's Workmen's Compensation Law, Vol. 2, p. 44, § 58.20 (1961), also cited by appellant, points out that generally

if the effects of the loss of the bodily member extend to other parts of the body interfering with their efficiency, the scheduled allowances for a lost member are not exclusive, and that additional compensation may be allowed even up to that allowed for total disability.

Appellant's aforesaid citation from Larson states the theory of Idaho's Workmen's Compensation Law, such theory was actually applied in the case at bar by Dr. Colburn in his initial estimate of claimant's partial permanent disability as comparable to a percentage loss of a foot at the ankle and an arm at the shoulder.

■ In summary we reiterate that the workmen's compensation law contains no provision for rating a partial permanent disability in terms of specific indemnity comparable to a percentage of total permanent disability or on the basis of "the whole man", as is provided by the statutes of certain states from which appellant has furnished citations of authority, notably Florida, Mississippi, Montana, Tennessee and Texas. While the statutes of those states vary in the detail of their various provisions they allow a measure of recovery for partial permanent disability, not classified within the specific indemnity schedules and for the specific loss of bodily members.

Dr. Colburn is the only physician who initially rated claimant's partial permanent disability in terms of permanent comparative loss of bodily members. However he, together with the remaining physicians, also estimated claimant's partial permanent disability in terms of percentage loss of "the whole man." Dr. Colburn's rating of claimant's partial permanent disability is the only one capable of being evaluated in terms of the statutory specific indemnities, under I.C. § 72–313, but the Board did not evaluate that rating in making its award.

In justice to claimant the physicians who expressed their opinions as to the degree of partial permanent disability which claimant suffers in terms of "the whole man", should be permitted to advance their opinions as to claimant's degree of permanent disability in terms of loss or comparative loss of bodily members, as provided by I.C. § 72–313.

The award of the Industrial Accident Board is reversed and the cause remanded for further proceedings consonant with the views herein expressed. No costs allowed.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.