Gene BEVIS

v.

James H. SOUTHERN.

Supreme Court of Tennessee.

Jan. 2, 1973.

Lloyd Tatum, Henderson, for petitioner-appellee.

James A. Hopper, Savannah, for respondent-appellant.

## OPINION

McCANLESS, Justice.

Gene Bevis, a logger in the employ of James H. Southern, recovered from his employer an award under the Workmen's Compensation Law for medical expenses, compensation for a period of temporary total disability, and compensation therefter for permanent partial disability.

The petitioner averred that on August 15, 1969, while he was operating a skidder, and while he was attempting to board it, his feet slid out from under him and he slid backwards over a log injuring his back. He further averred that the injury made it necessary to have a disk surgically removed with the result that he had incurred large amounts of expense and had suffered temporary total and permanent partial disability. He also averred his age, the education he had received, and his wages, none of which is in issue. He prayed for a determination of the amount due him by the defendant.

The employer by his answer presented as issues for the determination of the Chancellor (1) the occurrence of the petitioner's injury; (2) if the injury had occurred, its extent and duration; and (3) that the petitioner had not given the defendant the necessary notice.

The record is full: thirteen witnesses testified in person and the surgeon who operated on the petitioner gave his deposition. There are 238 pages of testimony.

At the request of counsel the Chancellor at first confined his findings to a determination of liability, withholding the question of compensation, the Chancellor holding:

"The record in this cause strongly supports the allegations set forth in the petition, that plaintiff received an injury during the course of his employment on or about August 15, 1969. As to this proposition, it has not been sufficiently refuted by testimony of defendant and his witnesses. The negative type testimony on the part of the defense in the face of the positive testimony of the plaintiff is insufficient to dispute this proposition. The Court therefore finds that plaintiff was injured on or about the date alleged in his petition during the course of his employment."

On a later day the Chancellor found with respect to the extent of the petitioner's disability:

"The Court finds the amount set out in defendant's brief to be the medical expenses for which defendant is liable. This aggregates $2,611.97.

"The Court finds the temporary total disability to be that period from the date of the accident to April 30, 1970. This being the date he was released for light work, and reached his maximum recovery. (Dr. Houser's deposition.)

"The Court makes the following observation concerning permanent partial disability:

"The record in this cause strongly supports and shows the truth of the proposition that, prior to the petitioner's injury he was a capable, competent and well qualified timber worker. The evidence also shows, in order to be a timber worker, that agility and stamina is required to a greater extent than in most vocations.

"Taking the medical testimony and the lay testimony as a whole, and considering the operation necessary to correct, or attempt to correct, the injury, I find that petitioner suffered a definite and permanent injury to his back. The physician gives the petitioner ten percent (10%) anatomical permanent disability to the body as a whole. The petitioner has filed this action and asked the Court to determine his industrial disability. In doing this, it is the Court's obligation to take into account the medical evidence and opinions of the physicians examining and treating the petitioner as well as the petitioner's education, training and ability to earn a livelihood. U. S. Pipe & Foundry Company, Inc. vs. Paul S. Green (Supreme Court of Tennessee from Hamilton County Law, filed March 4, 1965. Unreported but giving an excellent synopsis of the law on this subject); Gallagher Company v. Wayne, [Lane] 190 Tenn. 301 [229 S.W.2d 347] and Key v. Briar Hill Collieries, 167 Tenn. 229 [68 S.W.2d 115].

"The record indicates that the petitioner is no longer able to pursue the employment which he has followed for many years. Petitioner is not qualified, either physically or mentally, to pursue an occupation other than one requiring physical activity and exertion. Since the accident, the record indicates that petitioner has been able to do limited work as a cook, but that such employment was not according to the full standard of employment and was not as compensable as that he had previously followed. The petitioner has been able to earn something less than half of the remuneration he was earning prior to the accident.

"Therefore, after carefully considering all of the facts in the case, including the medical evidence, the petitioner's age, education, training and qualifications and his inability to engage in remunerative employment as he previously did, together with the applicable law, it is the finding of the Court that the petitioner

has suffered a fifty percent (50%) permanent partial disability to the body as a whole as the result of the accident out of which this cause arose and that he was entitled to workmen's compensation disability benefits based upon this percentage.

"The Court further finds the defendant would be entitled to credit for the amount actually paid defendant subsequent to the time of the accident, said amount to be credited against the judgment herein declared."

Counsel have filed able briefs in which they have carefully analyzed the evidence and have forcefully presented their contentions.

 In our view of this case there is material evidence in the record to support the findings and the determination of the Chancellor. He saw and heard the witnesses and determined the weight and credibility that ought to be given them. It is not for us to determine whether we agree with him in his findings, but only whether there was material evidence to support those findings. United States Rubber Products Co. v. Cannon, 172 Tenn. 665, 113 S.W.2d 1184 [1938]; Fidelity & Cas. Co. v. Treadwell, 212 Tenn. 1, 367 S. W.2d 470 [1963].

Taken by itself the testimony of the petitioner supports practically all his contentions and that of his other witnesses the rest of them. It is unimportant that in some particulars their testimony is contradicted. The fact remains that there is material evidence to support the Chancellor's findings of fact.

The defendant complains that the Chancellor found that the petitioner suffered fifty percent permanent disability to the body as a whole, while the disability found by the medical witness, Dr. John P. Howser, was only ten percent. But the doctor testified this was an anatomical rating, whereas the Chancellor considered the education of the petitioner and his ability to engage in profitable employment. The Chancellor was justified in reaching this conclusion by the evidence he heard and considered. Lunsford v. A. C. Lawrence Leather Co., 189 Tenn. 293, 225 S.W.2d 66 [1949]; Greene Co. v. Bennett, 207 Tenn. 635, 341 S.W.2d 751 [1960]; Fed. Mut. etc. Co. v. Cameron, 220 Tenn. 636, 422 S. W.2d 427 [1967].

There is material evidence in the record that the employer had notice of the petitioner's injury.

We affirm the Chancellor's decree.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Justice, concur.